**Robert HOUCK, Individually and on behalf of all other members of a class of persons similarly situated**

v.

**The TRAVELERS INSURANCE COMPANY.**

**Civ. A. No. 72-1753.**

United States District Court,
E. D. Pennsylvania.

Feb. 23, 1973.

Paul Rosen, Michael Brodie, Philadelphia, Pa., for plaintiff.

Robert M. Landis, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff, Robert Houck (Houck), filed this action in the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, against defendant, The Travelers Insurance Company (Travelers). Travelers removed the action to this court pursuant to 28 U.S.C. § 1441(a), in accordance with the provisions of 28 U.S.C. § 1446. The claim to federal jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332 (a). Plaintiff has filed a motion to remand claiming that the amount in controversy does not exceed ten thousand dollars ($10,000) exclusive of interest and costs.

Plaintiff seeks the rescission *ab initio* of a group insurance policy, the reimbursement of premiums with interest, punitive damages and costs. He seeks to pursue it as a class action, representing all employees of Honeywell, Inc. Industrial Division, Fort Washington, Pa. who are or were beneficiaries of group insurance policy No. GA765651, offered and sold by Travelers.[1] The suit is based upon a claim that defendant induced plaintiff and other employees of Honeywell, Inc. to purchase a group insurance policy through fraud and misrepresentation.

■ Defendant invoked federal jurisdiction by removing the case from state court. It, therefore, has the burden of establishing that the jurisdictional amount requirement is satisfied. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L. Ed. 1135 (1936); Hartridge v. Aetna Cas. & Sur. Co., 415 F.2d 809 (8 Cir. 1969).

Plaintiff in his complaint does not allege a specific sum as the damages due from defendant. It is not contested that the amount recoverable for premiums paid and interest thereon would not equal one thousand dollars ($1,000) for plaintiff or for any other individual member of the class. Travelers, in order to invoke the jurisdiction of this Court, must support its allegation of sufficient amount in controversy by competent proof to a preponderance of the evidence. McNutt v. General Motors Acceptance Corp., *supra* 298 U.S. at 189, 56 S.Ct. 780. In Nelson v. Keefer, 451 F.2d 289 (3 Cir. 1971), the Third Circuit Court of Appeals encouraged trial courts to use permissible discretion prior to trial to determine whether the amount in controversy failed to satisfy the required amount to "a legal certainty." In the present case, defendant has made no offer of proof to support its bare contention that the award of punitive damages could raise the damages to the required minimum. In the absence of such demonstration, together with plaintiff's own assertion that his claim is for less than one thousand dollars ($1,000), we are firmly convinced that Houck cannot recover an amount above the jurisdictional amount for his individual claim.

■ ■ Plaintiff, however, seeks to pursue this action on behalf of a class. It is necessary, therefore, to determine whether the individual claims of members of the proposed class may be aggregated in order to satisfy the jurisdic-

[1] There is currently another action arising out of this same contract pending in this court, Banks v. Travelers Ins. Co., 72–1153. The plaintiff and the proposed class in that action seek recovery which they claim was due them under the terms to which they agreed but which was improperly denied to them because of the fraud and misrepresentation of defendant. No question of jurisdictional amount has been raised in that action at this time.

tional amount requirement.[2] It has long been the law that individual claims can be aggregated when plaintiffs join to assert common and undivided rights against defendant. Pinel v. Pinel, 240 U.S. 594, 596, 36 S.Ct. 416, 60 L.Ed. 817 (1916). In accord with this doctrine aggregation of claims was permitted in "true" but not in "hybrid" or "spurious" class actions under pre-1966 Fed.R.Civ.P. 23. Fuller v. Volk, 351 F. 2d 323, 327 (3 Cir. 1965). The Supreme Court, in Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), held that the current Fed.R.Civ.P. 23, adopted in 1966, could not and did not change the requirement that rights of the different class members be common and undivided if claims were to be aggregated. 394 U.S. at 336, 89 S.Ct. 1053. The rule permitting aggregation in class actions remains that the claims be joint, common and undivided, and not "separate and distinct".

The primary question is whether the right asserted in the present action is one which can be asserted by individual members of the class or whether it is a class right which does not give rise to causes of action by individual members. Weiss v. Sunasco Inc., 316 F.Supp. 1197, 1201 (E.D.Pa.1970). In *Weiss*, plaintiff, on behalf of a class of stockholders, sought to compel defendant corporation to specifically perform its promised undertaking, contained in a proxy statement, to make a favorable transfer of securities to preferred shareholders. Plaintiff also sought certain equitable relief which would permit performance. Judge Fullam held that any cause of action which arose out of the failure to perform was individual to each shareholder. The proper focus, he stated, is the right asserted, which in *Weiss* was the individual right of each shareholder to make the favorable purchase. 316 F. Supp. at 1201. The court stated that

the equitable relief sought was "merely a means of redressing the individual claims of the class members". 316 F. Supp. at 1201.

In the present action members of plaintiff class are beneficiaries of a group insurance plan issued by Travelers to Honeywell. Each employee was issued a certificate which evidenced his participation in the plan. Houck, on behalf of the class, claims that the acceptance of the plan was induced by fraud and misrepresentation, and he seeks rescission of the contract, reimbursement of premiums paid by class members and interest, punitive damages and costs.

In Kentucky Home Mut. Life Ins. Co. v. Duling, 190 F.2d 797 (6 Cir. 1951), the court ruled that the interests of beneficiaries of a group life insurance policy were separate, not joint. *See*, Alvarez v. Pan Am. Life Ins. Co., 375 F.2d 992, 993–994 (5 Cir. 1967); Andrews v. Equitable Life Assur. Co., 124 F.2d 788, 791 (7 Cir. 1941). The suit sought to recover excess premiums paid under the contract due to the insurer's breach of provisions concerning premiums. In deciding that the interests were separate, the very crux of the aggregation question, the court cited the following factors:

> "He may continue or terminate his insurance without affecting the insurance of other members. The disability . . . benefits are paid or refused according to the facts pertaining to his individual situation. Termination of his employment affects his insurance only." 190 F.2d at 802.

The basic thrust of the claims is individual in nature. Each member of the class would recover the amount which he himself paid to the insurance company in premiums. His claim to this reimbursement does not arise out of a joint or common right shared with other class members and is not dependent upon

2. We do not at this time make any determination of the propriety of this action going forward as a class action. For purposes of the Motion to Remand, however, we shall assume that a class action is proper in this case without considering all of the requirements of Fed.R.Civ.P. 23. The only factor which is relevant for the purposes of this motion is the type of class which is alleged.

their claim. The fact that this is a group policy does not affect this position. Under the contract each class member is a beneficiary and each pays his own premiums. The plan becomes effective for each employee only when the employee authorizes the company to make a payroll deduction. It also provides that the employee may revoke such authorization. It is this relationship which is the basis of the claim. The present case is similar to Kentucky Home Mut. Ins. Co. v. Duling, *supra*, in which the employee's individual decision to participate in the plan and the need to prove particular facts of his own claim for benefits are important elements of the policy in question. Rescission of the policy, as in *Weiss*, is intended merely as a means to that end. The right of each member to relief is separate and distinct from that of other members.

The instant case is clearly distinguishable from Berman v. Narragansett Racing Assoc., 414 F.2d 311 (1 Cir. 1969), a case decided after *Snyder* in which aggregation of claims of class members was permitted. The distinction is revealing of the characteristics of a "true" class action. In *Berman*, the plaintiff class consisted of race horse owners who participated in a purse agreement with the defendant race track. The agreement provided that the track would pay 44.7% of its share of the annual take to the group of owners whose horses won races. The agreement did not establish the method by which this money would be divided among the various owners, and such distribution was discretionary with the track. Suit was brought to compel the race track to pay over the same percentage of the track's share of the "breakage", an amount derived from the evening off of payments to bettors to the next lowest dime. In finding a "true" class and permitting aggregation the court stated:

"No contractual rights are created between the defendants and individual pursewinners, and plaintiffs make no specific claims for individual payment." 414 F.2d at 315.

The court went on to point out that ". . . a formula must be established before the members of the class can benefit individually." [3] In *Berman* the race track did not have a specific liability to any particular owner but only to the group or class; in the instant case any liability which is determined will be specific for each member of plaintiff class, i. e. the amount which that person paid to defendant in premiums.

Defendant's position that the proper measure of the amount in controversy for jurisdictional purposes in equity cases is the direct pecuniary result of judgment to either party misses the point. The cases cited by defendant are either actions in which a class asserts a joint right to equitable relief, Berman v. Narragansett Racing Assoc., *supra*; Weiss v. Sunasco, Inc., *supra*, or in which individual plaintiff seeks such relief, Waller v. Professional Ins. Co., 296 F.2d 545 (5 Cir. 1961); Inman v. Milwhite Co., 261 F.Supp. 703 (E.D.Ark. 1966). Whatever the appeal of such a view in those cases, it does not appear applicable in a class action in which the equitable relief is merely a means of redressing individual claims. The recission sought is actually applicable to each separate claim.

Defendant's view would require us to aggregate on defendant's side that which could not be aggregated on plaintiffs' behalf. We believe that *Snyder* precludes such handling of defendant's total liability as joint when the claims against it are several. To hold otherwise would seriously emasculate the holding in *Snyder*.

---

3. Likewise, in Manufacturers Cas. Ins. Co. v. Coker, 219 F.2d 631 (4 Cir. 1955), the court held that claims of several injured persons could be aggregated against an insurance company where the policy was limited and ". . . no part of this coverage is allotted to any individual claim". 219 F.2d at 633.

Thus, the claims of members of the plaintiff class are several and may not be aggregated to satisfy the jurisdictional amount requirement. The case must be remanded to state court.