**BARTON CHEMICAL CORPORATION, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**AVIS RENT A CAR SYSTEM, INC. Defendant.**

**No. 75 C 2300.**

United States District Court,
N. D. Illinois, E. D.

Oct. 14, 1975.

Solomon, Rosenfeld, Elliot, Stiefel & Engerman, Chicago, Ill., for plaintiff.

Frederic F. Brace, Jr., Sidley & Austin, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MAROVITZ, Senior District Judge.

On June 13, 1975 plaintiff filed this class action against defendant Avis Rent A Car System, Inc. in the Circuit Court of Cook County, Illinois, Chancery Divi-sion, seeking a declaratory judgment, an injunction, an accounting and other relief. The complaint alleges that in contravention of Article 7 of an Airport Concession Agreement which defendant has with the City of Chicago, defendant has been operating a rent-a-car service at the Chicago-O'Hare International Airport without prior written approval of its schedule of rates by the Commissioner of Aviation of the City of Chicago, and that defendant has been charging higher rates for its airport rent-a-car services than those prevailing for comparable rent-a-car services furnished by defendant and others elsewhere in the City of Chicago.

On July 14, 1975, defendant filed a removal petition with this Court pursuant to 28 U.S.C. §§ 1441 and 1446. Pending before us now is plaintiff's motion to remand.

Under § 1441(a) a defendant may remove a civil action brought in the state court where it is shown that the federal court would have had original jurisdiction over the claim. Defendant asserts that original jurisdiction would have been proper in this Court under the diversity jurisdiction provided for in 28 U.S.C. § 1332(c), which vests jurisdiction in federal courts in civil actions between citizens of different states where the amount in controversy exceeds the sum or value of ten thousand dollars ($10,000.00). Diversity in this action is not contested. The sole question presented is whether the ten thousand dollar jurisdictional amount has been met.

In support of its motion to remand, plaintiff argues that removal was improper since under *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1974), and *Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), in diversity-based class actions pursuant to Rule 23(b)(3) F.R.Civ.P., each member of the class must meet the jurisdictional amount, and aggregation of claims is forbidden. Plaintiff asserts that this Court lacks original jurisdiction over this action

since the amount of the allegedly improper overcharge made by defendant upon each rental is minimal, and that no single member of the class has a claim approaching the sum of ten thousand dollars.

While not contesting plaintiff's assertions, defendant argues that neither *Zahn* nor *Snyder* is applicable since aggregation is not in issue, rather defendant asserts that in light of the "potentially huge pecuniary consequences to Avis of the injunctive relief requested by Barton, there can be no doubt that the value of the 'amount in controversy' exceeds $10,000." Def. Mem. at 4. Defendant therefore urges this Court to adopt the "defendant viewpoint" test, in light of the equitable relief sought, in determining whether the jurisdictional amount has been met.

While we note that the "defendant viewpoint" doctrine may be appropriate in certain instances as a means through which the jurisdictional amount requirement may be met, we hold that *Snyder v. Harris, supra,* and *Zahn v. International Paper Co., supra,* preclude its usage in diversity-based class actions where there are separate and discrete claims, and accordingly remand this action to the state court.

The basis of this Court's determination lies in the evaluation of the precise nature of the claims presented. Plaintiff asserts and defendant does not deny that each member of the plaintiff class raises a claim separate and distinct from those of his class-mates. In the instance of the named plaintiff, the claim involved amounts to $3.22. The class does not proceed on the theory that as a group they are entitled to recover a lump sum of money allegedly owed them by defendant. Rather, each presents a separate claim based upon its individual use of defendant's services. Therefore, this case is not comparable to such "defendant's view" cases as *Berman v. Narragansett Racing Ass'n,* 414 F.2d 311 (1st Cir. 1969), *cert. denied,* 396 U.S. 1037, 90 S.Ct. 682, 24 L.Ed.2d 681 (1970),

where plaintiffs sought proportional shares of the entire amount in controversy, or *Family Motor Inn, Inc. v. L–K Enterprises Div. Consol. Foods Corp.,* 369 F.Supp. 766 (E.D.Ky.1973), where a single right was asserted by a single plaintiff and where the amount of damages involved was not a sum certain. Rather, this case appears closely analogous to *Lonnquist v. J. C. Penney Co.,* 421 F.2d 597 (10th Cir. 1970), which involved a class action brought in the state court seeking both damages in the form of a refund for past excess interest payments and an injunction against the future charging of usurious interest.

In *Lonnquist,* defendants sought to remove the action to the federal court on the theory that the total amount estimated to have been improperly collected on a yearly basis was $500,000, and that an injunction against the continued collection of interest would have a monetary impact on each defendant far in excess of the $10,000 jurisdictional amount. The Tenth Circuit rejected that claim and ordered the case remanded to the state court in language which is particularly applicable to this action: 421 F.2d at 599.

> In the case at bar, which involves separate and distinct claims that cannot be aggregated, it would be improper to look to total detriment. The doctrine of Snyder cannot be so easily evaded. The threshold question is aggregation, and it must be resolved affirmatively before total detriment can be considered.

Here, defendant's assertions that it could suffer losses of annual revenues approaching $372,000 speaks to the potential aggregate loss if the plaintiff class were to succeed on the merits. Under *Snyder,* however, we are barred from accepting such analyses since they reflect an aggregation theory, albeit indirect, of the net loss. While this Court is cognizant of holdings which specifically favor "defendant's view" in removal proceedings, we hold that *Snyder* and *Zahn* restrict the availability of that option

to cases other than class actions involving separate and distinct monetary claims. Particularly where as here, the equitable relief sought is but a means through which the individual claims may be satisfied, the ban on aggregation would apply with equal force to the equitable as well as the monetary relief. *See, Houck v. Travelers Ins. Co.*, 356 F. Supp. 729, 732 (E.D.Pa.1973).

We therefore hold that removal in this action was improper in that the jurisdictional amount requirement of 28 U.S.C. § 1332 was not satisfied, and this Court therefore lacks original jurisdiction. Accordingly, plaintiff's motion to remand is granted, and this cause is remanded to the Circuit Court of Cook County.