561 F.2d 787
 Alvah L. SNOW, on behalf of himself and all others similarly
situated, Plaintiff-Appellant,
v.
FORD MOTOR COMPANY, a corporation, Doe I through L,
inclusive, Defendants- Appellees.
 No. 75-1095.
 United States Court of Appeals,
Ninth Circuit.
 Sept. 23, 1977.
Rehearing and Rehearing En Banc Denied Nov. 14, 1977.
 
 John B. McMorrow, Fremont, Cal., argued for plaintiff-appellant.
 Noble K. Gregory, San Francisco, Cal., argued for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before CARTER and CHOY, Circuit Judges, and HOFFMAN,* District Judge.
 CHOY, Circuit Judge:
 
 
 1
 Alvah L. Snow, on behalf of himself and others similarly situated, filed a complaint for damages and injunctive relief in California Superior Court pursuant to the Consumers Legal Remedies Act, Cal.Civ.Code §§ 1750 et seq. (West Supp.1976). Snow alleged that, contrary to specific representations contained in advertising materials, Ford Motor Co. (Ford) manufactured and marketed "trailering special packages" which were incomplete in that they did not contain a wiring kit for the connection of the trailer's electrical system to that of the towing vehicle. Snow sought actual damages of approximately $11.00, the cost of the kit, for himself and for each purchaser of the package and punitive damages totalling $5,000,000. He also sought to enjoin Ford from continuing to sell the trailering special packages without a wiring connector kit.
 
 
 2
 Ford removed the case to federal district court pursuant to 28 U.S.C. § 1441, alleging diversity jurisdiction under id. § 1332. Snow moved to remand to state court, arguing that federal jurisdiction was lacking since the amount in controversy fell short of the $10,000 jurisdictional minimum. The district court denied the motion on the basis that the requisite amount in controversy was met by the value to defendant Ford of the business right which plaintiff Snow sought to enjoin. Following a grant of summary judgment in favor of Ford, Snow brought this appeal, challenging the denial of his motion to remand. We reverse.
 
 
 3
 We are presented here with two conflicting lines of precedent, each providing a method by which to measure the amount in controversy. One line sets out an area where the amount may be determined from the defendant's point of view. This approach is exemplified by Ridder Bros., Inc. v. Blethen, 142 F.2d 395, 398-99 (9th Cir. 1944). See Petterson v. Resor, 331 F.Supp. 1302, 1305 (D.Or.1971); State Chartered Banks v. Peoples Nat'l Bank, 291 F.Supp. 180, 186 (W.D.Wash.1966). In suits involving equitable relief, the dollar value of the object in controversy may be minimal to the plaintiff, but costly to the defendant. The court in Ridder Bros. stated that, in such cases, "if the value of the thing to be accomplished (is) equal to the dollar minimum of the jurisdictional requirement to anyone concerned in the action, then jurisdiction (is) satisfied." 142 F.2d at 398. Accord, Tatum v. Laird, 144 U.S.App.D.C. 72, 76, 444 F.2d 947, 951 & n.6 (1971), rev'd on other grounds, 408 U.S. 1, 92 S.Ct. 231, 33 L.Ed.2d 154 (1972); Hatridge v. Aetna Cas. & Surety Co., 415 F.2d 809, 814-15 (8th Cir. 1969); Berman v. Narragansett Racing Ass'n, 414 F.2d 311, 314 (1st Cir. 1969), cert. denied, 396 U.S. 1037, 90 S.Ct. 682, 24 L.Ed.2d 681 (1970); Government Employees Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964); Ronzio v. Denver & R.G.W.R.R., 116 F.2d 604, 606 (10th Cir. 1940). See also Family Motor Inn, Inc. v. L-K Enterprises Consol. Foods Corp., 369 F.Supp. 766, 768-69 (E.D.Ky.1973) (looking to defendant's viewpoint only upon removal).[1] Ford maintains that this doctrine is applicable here, and that the injunction sought would have an impact on it far greater than the $10,000 requirement of the diversity statute.
 
 
 4
 On the other side is Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), where the Supreme Court held that, in a class action brought under Federal Rule of Civil Procedure 23(b)(3), plaintiffs may not aggregate their "separate and distinct" claims in an attempt to reach the jurisdictional minimum. Rather, each member of the class must have a claim which exceeds $10,000.[2] While the Court did not speak about "the plaintiff's viewpoint" or "the defendant's viewpoint" in measuring the amount in controversy, it is clear that the Court applied the plaintiff's viewpoint rule at least for a Rule 23(b)(3) class action not involving a request for injunctive relief. See Massachusetts State Pharm. Ass'n v. Federal Prescription Service, Inc., 431 F.2d 130, 132 & n.1 (8th Cir. 1970); Lonnquist v. J.C. Penney Co., 421 F.2d 597, 599 (10th Cir. 1970). And, if a plaintiff cannot aggregate to fulfill the jurisdictional amount requirement of § 1332, then neither can a defendant who invokes federal jurisdiction under the removal provisions of § 1441. This conclusion follows from the well-settled rule that, in the absence of a specific statutory exception, a federal court can exercise removal jurisdiction over a case only if it would have had jurisdiction over it as originally brought by the plaintiff. See 28 U.S.C. § 1441(a); In re Dunn, 212 U.S. 374, 384, 29 S.Ct. 299, 53 L.Ed. 558 (1909); Southern Pac. Co. v. McAdoo, 82 F.2d 121, 121 (9th Cir. 1936); DeCarlo v. Tarrant City Bd. of Educ., 473 F.2d 1026, 1027 (5th Cir. 1973); Sabin v. Home Owners' Loan Corp., 147 F.2d 653, 655-56 (10th Cir. 1945); State Tax Comm'n v. Union Carbide Corp., 386 F.Supp. 250, 253 (D.Idaho 1974) (Anderson, J.); Tennessee ex rel. Davis v. Market St. News, 357 F.Supp. 74, 78 (E.D.Tenn.1973). See generally 1A J. Moore, Moore's Federal Practice P 0.157(5) (2d ed. 1976).
 
 
 5
 To our knowledge, every court which has addressed this conflict in the context of a Rule 23(b)(3) class action involving separate and distinct claims[3] has resolved it in favor of Snyder and dismissal. The Tenth Circuit case of Lonnquist v. J.C. Penney Co., 421 F.2d 597 (10th Cir. 1970), is squarely on point. There, the plaintiffs filed four class actions in state court, praying for damages and injunctive relief, and the defendants removed the cases to federal court. Diversity was not disputed, but there was a question as to the amount in controversy. Under Snyder, the plaintiffs could not aggregate their separate and distinct claims to satisfy the requirement, but the defendants argued that, with respect to the injunction, "the jurisdictional amount requirement should be determined by the total monetary impact on each defendant". 421 F.2d at 599. Finding that there was no federal jurisdiction, the court held that, in cases which involve
 
 
 6
 separate and distinct claims that cannot be aggregated, it would be improper to look to total detriment. The doctrine of Snyder cannot be so easily evaded. The threshold question is aggregation, and it must be resolved affirmatively before total detriment can be considered.
 
 
 7
 Id. Accord, Massachusetts State Pharm. Ass'n, 431 F.2d at 131-32 & n.1; Barton Chem. Corp. v. Avis Rent A Car Sys., Inc., 402 F.Supp. 1195 (N.D.Ill.1975); Houck v. Travelers Ins. Co., 356 F.Supp. 729 (E.D.Pa.1973); Weiss v. Sunasco, Inc., 316 F.Supp. 1197, 1200-02 (E.D.Pa.1970). See also Chavez-Salido v. Cabell, 427 F.Supp. 158, 166-67 (C.D.Cal.1977); Holman v. Board of Educ., 388 F.Supp. 792, 795-96 (E.D.Mich.1975); Huntsville City Bd. of Educ. v. Brown, 379 F.Supp. 1092, 1093-94 (M.D.Ala.1974); 27 Puerto Rican Migrant Farm Workers v. Shade Tobacco Growers Agricultural Ass'n, 352 F.Supp. 986, 989-91 (D.Conn.1973); Marquez v. Hardin, 339 F.Supp. 1364, 1370 (N.D.Cal.1969) (semble ). But compare Committee for GI Rights v. Callaway, 518 F.2d 466, 468 n.5, 472-73 (2d Cir. 1975) (Rule 23(b)(2 ) class action); Tatum, 444 F.2d at 949-51 (dictum); Berman, 414 F.2d at 314-15 & n.9 (class members' claims held not to be separate and distinct); National Welfare Rights Organo v. Weinberger, 377 F.Supp. 861, 866 (D.D.C.1974) (same).[4]
 
 
 8
 We agree that Snyder is controlling. "Total detriment" is basically the same as aggregation. The only reason the injunction is worth more than $10,000 to Ford is that it would affect all of Ford's future trailer package sales to thousands of other individual consumers. In short, we hold that, where "the equitable relief sought is but a means through which the individual claims may be satisfied, the ban on aggregation (applies) with equal force to the equitable as well as the monetary relief." Barton Chem. Corp., 402 F.Supp. at 1198.
 
 
 9
 Ford, nevertheless, contends that aggregation is not at issue because the right sought to be enjoined is a single right of a single defendant, namely, its right to market its packages. The argument misses the mark. Given Snyder, the proper focus in this case is not influenced by the type of relief requested, but rather continues to depend upon the nature and value of the right asserted. Weiss, 316 F.Supp. at 1201. See Massachusetts State Pharm. Ass'n, 431 F.2d at 132 & n.1; Lonnquist, 421 F.2d at 599. See also Jackson v. American Bar Ass'n, 538 F.2d 829, 831-32 (9th Cir. 1976); City of Milwaukee v. Saxbe, 546 F.2d 693, 701-02 (7th Cir. 1976); Goldsmith v. Sunderland, 426 F.2d 1395, 1398 (6th Cir.), cert. denied, 400 U.S. 960, 91 S.Ct. 353, 27 L.Ed.2d 270 (1970).[5] The right asserted by plaintiffs is the right of individual future consumers to be protected from Ford's allegedly deceptive advertising which is said to injure them in the amount of $11.00 each. See Houck, 356 F.Supp. at 732. That figure is far below the jurisdictional minimum.
 
 
 10
 A finding of jurisdiction in this case would provide plaintiffs with a means by which to evade the impact of Snyder and Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).[6] If defendants are allowed to remove such suits to federal court, then plaintiffs must be allowed to file them in federal court originally. All that plaintiffs would need to do to avoid the rule of Snyder and Zahn would be to pray for an injunction. In effect, Ford would have us overrule those cases. That we cannot do.
 
 
 11
 The order permitting removal is reversed, and the cause is remanded to the district court with directions to grant the motion to remand it to the appropriate California Superior Court.
 
 
 12
 Reversed and Remanded.
 
 
 
 *
 The Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 But see and compare Glenwood Light & Water Co. v. Mutual, Light, Heat & Power Co., 239 U.S. 121, 125, 36 S.Ct. 30, 60 L.Ed. 174 (1915), and Hunt v. New York Cotton Exchange, 205 U.S. 322, 27 S.Ct. 529, 51 L.Ed. 821 (1907), with Mississippi & Mo. R.R. v. Ward, 67 U.S. (2 Black) 485, 492, 17 L.Ed. 311 (1862) (relied upon by Ridder Bros. majority). See also Smith v. Adams, 130 U.S. 167, 175-76, 9 S.Ct. 566, 32 L.Ed. 895 (1889)
 
 
 [2]
 The strength of the Supreme Court's conviction on this score was amply demonstrated in Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). There, the Court extended the principle of Snyder, holding that, in a Rule 23(b)(3) class action, each plaintiff had to satisfy the amount in controversy requirement even though all of the named plaintiffs had a claim which exceeded the jurisdictional minimum
 
 
 [3]
 There is no question here but that each plaintiff's claim against Ford is "separate and distinct." See United States v. Southern Pac. Transp. Co., 543 F.2d 676, 682-84 (9th Cir. 1976); Potrero Hill Community Action Comm. v. Housing Authority, 410 F.2d 974, 978 (9th Cir. 1969)
 
 
 [4]
 It should be noted that we have questioned both the liberal approach to aggregation represented by Berman and the possibility that Zahn and Snyder do not apply with equal force to suits brought under Rule 23(b)(1) and (b)(2). See Southern Pac. Transp. Co., 543 F.2d at 683-84 & n.11
 
 
 [5]
 We note at this juncture that, while neither Snyder nor Zahn appears to have involved a request for injunctive relief, some of the prior Supreme Court cases on which the Snyder and Zahn decisions relied for their nonaggregation holdings did. See, e. g., Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939); Scott v. Frazier, 253 U.S. 243, 40 S.Ct. 503, 64 L.Ed. 883 (1920). Yet, in none of these cases was the Court moved by that fact to discuss the amount in controversy from the defendant's point of view. Accordingly, to the extent that Ridder Bros., Inc. v. Blethen, 142 F.2d 395 (9th Cir. 1944), is inconsistent with Snyder, it must be considered to have been superseded. Compare Hatridge v. Aetna Cas. & Surety Co., 415 F.2d 809, 814-15 (8th Cir. 1969) (relying heavily on Ridder Bros.), with Massachusetts State Pharm. Ass'n v. Federal Prescription Service, Inc., 431 F.2d 130, 132 n.1 (8th Cir. 1970) (disapproving analysis of Hatridge on authority of Snyder )
 
 
 [6]
 When a case in this area involves as did Zahn at least one plaintiff who is able to demonstrate compliance with the requirement of jurisdictional amount, see note 1 supra, courts sometimes analyze the problem in terms of whether other plaintiffs' claims can be tied to that jurisdictional anchor through "pendent party" theory. See, e. g., Freeman v. Gordon & Breach, Science Publishers, Inc., 398 F.Supp. 519, 524-26 (S.D.N.Y.1975); United Pacific/Reliance Ins. Cos. v. City of Lewiston, 372 F.Supp. 700, 702-05 (D.Idaho 1974) (Anderson, J.). See also Zahn, 414 U.S. at 305-09, 94 S.Ct. 505 (Brennan, J., dissenting) (discussing "ancillary" jurisdiction). We have recently reaffirmed the long-standing view of this circuit that pendent party theory may not be used to circumvent the normal requirements of subject matter jurisdiction. See Ayala v. United States, 550 F.2d 1196 (9th Cir. 1977), cert. granted, --- U.S. ----, 98 S.Ct. 50, 54 L.Ed.2d 70, 46 U.S.L.W. 3183 (U.S. Oct. 3, 1977) (No. 76-1608). In that opinion, we noted in passing that to recognize pendent party theory as a means to allow suits between nondiverse parties would, in effect, overrule the complete diversity requirement of Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). See 550 F.2d at 1198 n.3. The same could have been said of the effect of such a recognition on the jurisdictional amount requirement of the Zahn line of cases, compare Ayala, 550 F.2d at 1198-99 & n.4; Hymer v. Chai, 407 F.2d 136, 137-38 (9th Cir. 1969). See Freeman, 398 F.Supp. at 525-26; United Pacific/Reliance, 372 F.Supp. at 704-05
 Since, however, in the instant suit there is not even one party whose claim could serve as a jurisdictional anchor for others, our situation is more akin to that faced by the Supreme Court in Snyder than in Zahn, and pendent party analysis is wholly inapposite. Therefore, we are not called upon once again to reexamine our position on pendent party jurisdiction. Compare Kroger v. Owen Equip. & Erection Co., 558 F.2d 417 (8th Cir. 1977), with Fawvor v. Texaco, Inc., 546 F.2d 636 (5th Cir. 1977). See also Ayala, 550 F.2d at 1200-01 n.8.