**Maria L. NAVARRO–RICE, Plaintiff,**

v.

**FIRST USA BANK, a Delaware banking corporation, and Banc One Corporation, an Ohio corporation, Defendants.**

**No. Civ. 97–1436–FR.**

United States District Court, D. Oregon.

Dec. 3, 1997.

Phil Goldsmith, Law Offices of Phil Goldsmith, Portland, OR, for Plaintiff.

O. Meredith Wilson, Jr., Lane Powell Spears Lubersky LLP, Portland, OR, for defendants.

## OPINION

FRYE, District Judge.

The plaintiff, Maria Navarro–Rice, alleges that the defendants, First USA Bank (First USA) and Banc One Corporation (Banc One)[1], solicit credit card customers by promising a low fixed rate of interest for a six-month period and a higher fixed rate of interest thereafter. Navarro–Rice alleges that the defendants have breached this promise by converting her credit card to a variable rate of interest which is a rate of interest substantially higher than the agreed-upon fixed rate of interest. Before the court is the motion of Navarro–Rice to remand (# 8).

## BACKGROUND

Navarro–Rice filed this action in the Circuit Court of the State of Oregon for the County of Multnomah. She alleges claims for breach of contract, breach of the covenant of good faith, fraud, and the violation of a consumer fraud statute of the State of Delaware. Navarro–Rice represents that she will move to certify a class of 100,000 class members once it is determined before which court this case will proceed. Navarro–Rice seeks a permanent injunction preventing First USA and Banc One from charging or collecting interest at rates higher than they agreed to charge. After she satisfies a notice period under the Oregon Rules of Civil Procedure, Navarro–Rice intends to amend her complaint to seek restitution and damages for herself in a sum substantially less than $75,000. She does not seek attorney fees.

The defendants removed the action to this court based on diversity jurisdiction. Thereafter, Navarro–Rice filed the motion before this court to remand.

## CONTENTIONS OF THE PARTIES

The parties agree that there is complete diversity of the parties. Navarro–Rice contends that the amount in controversy is well under the $75,000 required for this court to exercise diversity jurisdiction. First USA contends that the $75,000 requirement is met because the value to Navarro–Rice of the requested injunction exceeds $75,000; the cost of the injunction to the defendants exceeds $75,000; and the attorney fees alone exceed $75,000.

## LEGAL STANDARDS

A civil action brought in state court may be removed by the defendants to the federal district court if the district court has original jurisdiction over the action, that is, if the action could have been brought first in the district court. 28 U.S.C. § 1441(a).

---

1. Banc One has a motion to dismiss for lack of personal jurisdiction (# 4) pending before the court and has not responded to this motion to remand.

■ The party seeking removal has the burden of establishing federal jurisdiction. *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 934 (9th Cir. 1993). Courts strictly construe the removal statute against removal jurisdiction. Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). When the plaintiffs state court complaint does not specify a particular amount of damages, the removing defendant has the burden of proving by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

## ANALYSIS AND RULING

■ In 1973, the United States Supreme Court held that each plaintiff in a class action must satisfy the amount in controversy, and any plaintiff who does not must be dismissed. *Zahn v. International Paper Co.*, 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973). If the class action has been removed from state court and any of the plaintiffs fail to satisfy the amount in controversy, the case must be remanded to state court. *See Kennedy v. Commercial Carriers, Inc.*, 739 F.Supp. 406, 413 (N.D.Ill.1990); 28 U.S.C. § 1441(c).

■ The Judicial Improvements Act of 1990 gave district courts supplemental jurisdiction over claims that are so related to claims within the jurisdiction of the court that they form the same case or controversy. Exceptions to supplemental jurisdiction are given but do not include class actions. 28 U.S.C. § 1367. Some courts have held that the Judicial Improvements Act of 1990 overruled *Zahn* and allows the court to exercise supplemental jurisdiction over members of a class even if they do not meet the amount in controversy requirement, as long as the class representative meets the requirement. *See In re Abbott Lab.*, 51 F.3d 524, 529 (5th Cir.1995). Other courts have held that *Zahn* is still good law. *See Borgeson v. Archer–Daniels Midland Co.*, 909 F.Supp. 709, 716 (C.D.Cal.1995).

The parties do not agree that *Zahn* was overruled, but they do agree that if the claims of Navarro–Rice, as the named plaintiff here, do not satisfy the amount in controversy, the court does not have jurisdiction. Based on the interest rate being charged by First USA and the fact that Navarro–Rice's credit card expires in March of 1999, she estimates that the amount of overcharged interest, and thus the amount in controversy, is approximately $1,000.

■ First USA contends that the value of the injunction to Navarro–Rice is the cost of litigating each case individually, which First USA estimates to exceed $75,000. This argument must fail. Navarro–Rice is the plaintiff in this case. If this action saves litigation costs for another customer of First USA who will benefit from any injunction entered against First USA, that benefit is not of monetary value to Navarro–Rice.

■ First USA next contends that attorney fees should be attributed entirely to Navarro–Rice and not attributed *pro rata* to all of the class members because Navarro–Rice is not requesting attorney fees but instead is contending that a benefit of the injunction will be the prevention of a multiplicity of lawsuits. First USA further contends that attorney fees can be aggregated because there is a common and undivided interest among the class members.

To determine if the plaintiffs share a common and undivided interest, the court must examine the source of the claims. "If the claims are derived from rights that they hold in group status, then the claims are common and undivided. If not, the claims are separate and distinct." *Eagle v. American Tel. and Tel. Co.*, 769 F.2d 541, 546 (9th Cir.1985), *cert. denied*, 475 U.S. 1084, 106 S.Ct. 1465, 89 L.Ed.2d 721 (1986). Here, the plaintiffs have similar, but distinct, breach of contract and fraud claims. The interests of the plaintiffs are not common and undivided and, thus, it would be wrong to attribute all of the attorney fees to the named plaintiff.

When considering the amount in controversy under Ninth Circuit law, attorney fees in a class action generally are not attributed to the named plaintiff only but are divided *pro rata* among the plaintiffs. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.), *cert. denied*, 459 U.S. 945, 103 S.Ct.

259, 74 L.Ed.2d 202 (1982). Accordingly, Navarro–Rice's share of attorney fees in a putative class of 100,000 plaintiffs would not be greater than the amount in controversy.

▮ In the alternative, First USA asks the court to consider the cost of injunctive relief to the defendants, rather than the benefit to Navarro–Rice. First USA contends that it would lose revenue of approximately $1,000 from each of the 100,-000 putative plaintiffs, in addition to paying approximately $100,000 to notify all class members of the changes in the terms of the account.

First USA proffers several policy arguments in favor of considering the cost of the injunctive relief from the defendants' point of view. Other circuits have used the defendants' point of view when analyzing the amount in controversy. *See In re Brand Name Prescription Drugs,* 123 F.3d 599, 609, 610 (7th Cir.1997), *pet. for cert. filed,* 66 U.S.L.W. 3355 (Nov. 5, 1997). The United States Court of Appeals for the Ninth Circuit, however, has not abandoned analyzing the amount in controversy from the plaintiff's viewpoint. *Snow v. Ford Motor Co.,* 561 F.2d 787, 790–91 (9th Cir.1977); *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 405 n. 6 (9th Cir.1996) (the court in *Snow* declined to consider the viewpoints of both parties in a class action suit seeking damages and injunctive relief). Moreover, the value of the equitable relief sought cannot be aggregated but must be viewed as the value to the individual plaintiff. *Id.*

In summary, Navarro–Rice's damages are approximately $1,000, which includes her *pro rata* share of the estimated attorney fees for the class. Because Navarro–Rice does not meet the requirements for diversity jurisdiction, the case was improvidently removed and, under 28 U.S.C. § 1447(c), must be remanded to the Circuit Court of the State of Oregon for the County of Multnomah.

▮ Navarro–Rice seeks attorney fees and costs incurred in her motion to remand. Because this court has determined that removal of this case was improper, it may appropriately award attorney fees to Navarro–Rice in order to reimburse her for the costs associated with the motion to remand. 28 U.S.C. § 1447(c); *Moore v. Per-* *manente Med. Group, Inc.,* 981 F.2d 443, 446–47 (9th Cir.1992). A finding of bad faith by the removing party is not necessary. *Id.* The court is given wide discretion in deciding whether to award fees. *Id.* at 447. Because First USA's arguments were based on the law in other circuits and were foreclosed by the well-established law of the Ninth Circuit, the court awards Navarro–Rice $500 to reimburse her for her attorney fees and costs incurred in bringing this motion to remand.

## CONCLUSION

The motions of Navarro–Rice for expedited consideration of the motion to remand (# 20) and to correct the affidavit of Phil Goldsmith in support of her motion for expedited consideration of the motion to remand (# 23) are granted. The motion of Navarro–Rice to remand (# 8) is granted; this case is remanded to the Circuit Court of the State of Oregon for the County of Multnomah. Navarro–Rice is awarded $500 to reimburse her for her attorney fees and costs incurred in bringing this motion to remand.

The motion of defendant Banc One Corporation to dismiss for lack of personal jurisdiction (# 4) is deemed moot.