**Susan KANTER & Sharlon Plunk, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**WARNER–LAMBERT CO., et al., Defendants.**

**No. C99–1154 FMS.**

United States District Court, N.D. California.

June 9, 1999.

---

1128

Francisco, CA, for Care Technologies, Inc., defendant.

Stuart L. Gasner, Christa M. Anderson, Keker & Van Nest LLP, San Francisco, CA, for Hogil Pharmaceutical Corp., defendant.

## ORDER REMANDING CASE TO STATE COURT AND GRANTING PLAINTIFFS' REQUEST FOR FEES AND COSTS

FERN M. SMITH, District Judge.

### INTRODUCTION

This class action suit, originally filed in the San Francisco Superior Court, was removed by defendant Pfizer on the basis of diversity of citizenship.[1] Plaintiffs have filed a motion to remand the case to state court and to recover from defendants their attorneys' fees and costs stemming from the removal to federal court. Defendant Pfizer filed an opposition, in which all defendants have joined. Plaintiffs' motion requires the Court to determine whether defendants have met their burden of demonstrating that the amount in controversy, exclusive of interest and costs, exceeds $75,000, and if not, whether the removal justifies charging defendants with plaintiffs' reasonable fees and costs incurred in obtaining remand.

### BACKGROUND

Defendants manufacture and sell over-the-counter head lice remedies. Plaintiffs allege that defendants have continued to sell those products despite knowledge that head lice have developed resistance to their active ingredients, rendering the products useless. Plaintiffs seek to represent a class of all California residents who have purchased the allegedly offending products, and for whom the products failed to work. Plaintiffs' claims are all based on California law; they seek actual damages, punitive damages, injunctive relief and attorneys' fees.

Daniel S. Mason, Joseph W. Bell, Steven S. Lubliner, Furth Fahrner & Mason, San Francisco, CA, Geoffrey Gordon–Creed, Kevin J. Holl, Gordon–Creed Kelley Holl & Sugarman LLP, San Francisco, CA, for plaintiffs.

Jeffrey S. Gordon, Kaye Scholer Firerman Hays & Handler, Los Angeles, CA, for Warner–Lambert Co., Pfizer, Inc., defendants.

Michael F. Healy, Wayne A. Wolff, Sedgwick Detert Moran & Arnold, San

---

1. All defendants joined the removal.

## DISCUSSION

### I. Legal Standard

When a case is removed from state court, a district court must remand the case if it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). There is a "strong presumption" against removal jurisdiction, *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987), *cert. denied*, 484 U.S. 850, 108 S.Ct. 150, 98 L.Ed.2d 106 (1987), and any uncertainties are to be resolved in favor of remand, *see Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988). Defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–404 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. If the complaint does not already disclose a sufficient factual basis for jurisdiction, such facts must appear in the notice of removal. *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir.1983).

When the assertion of subject matter jurisdiction is based on diversity of citizenship, defendants must prove: (1) that all plaintiffs are of different citizenship than all defendants, *Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); and (2) that the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum—currently $75,000, *see* 28 U.S.C. § 1332(a), *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir.1997), *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–404 (9th Cir. 1996). Ordinarily, to satisfy the amount in controversy requirement in a class action suit, defendants must prove that each member of the proposed class has a monetary claim that exceeds $75,000. *See Czechowski v. Tandy Corp.*, 731 F.Supp. 406, 409 (N.D.Cal.1990) (amount in controversy requirement was then $10,000). Claims of class members may only be aggregated to satisfy the requirement if they are "joint and common" rather than "separate and distinct." *United States v. Southern Pac. Transp. Co.*, 543 F.2d 676, 682 (9th Cir. 1976).

### II. Analysis

#### A. Diversity of Citizenship

Defendants have failed to meet their burden of proving that the parties are of diverse citizenship. In the Notice of Removal, defendants allege sufficient facts to prove that plaintiffs are California citizens and that defendant Pfizer is a corporate citizen of Delaware and New York. Citing plaintiffs' complaint, the Notice asserts, without supporting facts, that "[n]one of the other defendants is a citizen of the State of California." Notice at ¶ 4. Plaintiffs' complaint, however, does not contain sufficient factual allegations to determine the citizenship of any of the three remaining defendants. *See* Complaint at ¶ 7 (alleging state of incorporation and principal executive offices, but not principal place of business, of defendant Warner–Lambert), ¶ 9 (alleging headquarters of defendant Care Technologies, but neither its state of incorporation nor principal place of business), ¶ 10 (alleging headquarters of defendant Hogil Pharmaceutical, but neither its state of incorporation nor principal place of business). Because a "sufficient factual basis for jurisdiction" appears neither in the complaint nor in the Notice of Removal, removal is improper. *Schroeder*, 702 F.2d at 191.

#### B. Amount in Controversy

Because it is possible that defendants could cure these defects and attempt to remove a second time, the Court moves on to their contention that the amount in controversy requirement has been met. On that score, defendants do not dispute that the actual monetary damages to each class member are between $9.00 and $17.00— the approximate cost of a single package of one of the defendants' products. Instead they make three separate arguments that will be addressed in turn: (1) that compli-

ance with the injunctive relief requested by plaintiffs will cost each defendant more than $75,000; (2) that the class members have a common and undivided interest in their claims for punitive damages; and (3) that the value of the claim for attorneys' fees under the California Consumer Legal Remedies Act ("CLRA") exceeds $75,000 per named plaintiff.

### 1. Cost of Compliance with Injunctive Relief

 Defendants point out that plaintiffs have requested an injunction that would prohibit defendants from selling the products at issue. *See* Complaint, Prayer for Relief at p. 18. Defendants have submitted evidence that the cost to each defendant of complying with such an injunction would exceed $75,000. Relying on a recent Seventh Circuit case, *In re Brand Name Prescription Drugs Antitrust Litigation,* (*"Brand Name"*), 123 F.3d 599 (7th Cir. 1997), defendants contend that the amount in controversy requirement is thereby satisfied. *Id.* at 609–610. This approach to the jurisdictional minimum is dubbed the "either-viewpoint" or "defendant's-viewpoint" approach. *Id.* at 609.

Defendants' argument neglects, indeed obfuscates, the fact that the Ninth Circuit rejected the "defendant's-viewpoint" approach in *Snow v. Ford Motor Co.,* 561 F.2d 787, 789–791 (9th Cir.1977). *See Smiley v. Citibank (South Dakota), N.A.,* 863 F.Supp. 1156, 1163 (C.D.Cal.1993); *see also Sanchez,* 102 F.3d at 405 n. 6 (noting that *Snow* adopted the "plaintiff's viewpoint" rule for class actions seeking damages and injunctive relief). Like defendants in this case, the defendant in *Snow,* Ford Motor Company, had contended that "the right sought to be enjoined is a single

right of a single defendant, namely, its right to market its packages." *Snow, supra* at 790. The Ninth Circuit rejected this approach in strong terms:

> "Th[at] argument misses the mark. Given *Snyder[ v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969)], the proper focus in this case is not influenced by the type of relief requested, but rather continues to depend upon the nature and value of the right asserted. The right asserted by plaintiffs is the right of individual future consumers to be protected from Ford's allegedly deceptive advertising which is said to injure them in the amount of $11.00 each. That figure is below the jurisdictional minimum."

*Snow, supra* at 790–791 (citations omitted, footnote omitted).

*Snow* is squarely on point. The right asserted by plaintiffs in this case is the right of individual future consumers to be protected from purchasing defendants' allegedly defective products. Such a purchase is said to injure consumers in an amount between $9.00 and $17.00 each. Defendants' attempt to distinguish *Snow* on its facts is unpersuasive and contrary to the very specific holding in *Snow.* Defendants argue that, in *Snow,* if any one class member obtained an injunction, "the cost to the defendant would have been $11—the value of the wiring connector kit [at issue]." Defendants' Opposition at 8.[2] This argument lacks merit. Even if it were accurate, defendants' argument "misses the mark."[3] It erroneously views the value of the injunction sought in the *Snow* case from the defendant's viewpoint—an approach *Snow* squarely rejected.

**2.** Although the opposition brief was filed by defendant Pfizer, it was joined, and thereby endorsed, by all defendants. Accordingly, the Court treats it as a paper filed by all defendants.

**3.** The cost to Ford of a single injunction would not have been $11.00. Mr. Snow sought "to enjoin Ford from continuing to sell

the trailering special packages without a wiring connector kit." *Snow, supra* at 788. The Ninth Circuit observed that the injunction would have cost Ford more than $10,000 because a single injunction "would affect all of Ford's future trailer package sales to thousands of other individual consumers." *Id.* at 790. That is precisely the argument made by defendants in the case at bar.

## 2. Aggregation of Punitive Damages

Defendants' next contention is that the members of the class have a common and undivided interest in their claims for punitive damages; therefore, the punitive damages claims may be aggregated to satisfy the jurisdictional minimum. Although that argument has not been addressed by the Ninth Circuit, it has been repeatedly rejected by district courts in this circuit, including the undersigned, as inconsistent with Ninth Circuit precedent. *See, e.g., Gibson v. Chrysler Corp.*, 1998 WL 646659, at *3–4 (N.D.Cal. July 20, 1998); *Haisch v. Allstate Ins. Co.*, 942 F.Supp. 1245, 1251 (D.Ariz.1996); *Villarreal v. Chrysler Corp.*, 1996 WL 116832, at *3 (N.D.Cal. March 12, 1996); *Borgeson v. Archer–Daniels Midland Co.*, 909 F.Supp. 709, 718 (C.D.Cal.1995); *Smiley*, 863 F.Supp. at 1163; *Harris v. Chase Manhattan Bank, N.A.*, 1992 U.S. Dist. LEXIS 19986, at *5–6 (N.D.Cal. June 30, 1992); *Kasky v. Perrier Group of America, Inc.*, 1991 WL 577038, *1–3, 1991 U.S. Dist. LEXIS 21177, at *4–9 (S.D.Cal.1991); *accord Brand Name*, 123 F.3d at 608–609 (relied on by defendants for their cost of compliance argument).

■ "The Ninth Circuit has held that claims are only common and undivided if they derive from rights that plaintiffs hold in group status, or they relate to a single res such as an estate or an insurance policy. *Eagle v. AT & T Co.*, 769 F.2d 541, 546 (9th Cir.1985), *cert. denied*, 475 U.S. 1084, 106 S.Ct. 1465, 89 L.Ed.2d 721 (1986); *Potrero Hill Community Action Comm. v. Housing Auth. of the City and County of San Francisco*, 410 F.2d 974, 978 (9th Cir.1969)." *Gibson*, 1998 WL 646659, at *2. This rule has been interpreted narrowly; "[i]f each plaintiff could pursue a claim individually, the interests are separate and distinct and may not be aggregated." *Id.* at *4 (citing *Borgeson*, 909 F.Supp. at 718). Claims for punitive damages do not meet this restrictive test.

Defendants have cited *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 526 F.Supp. 887 (N.D.Cal. 1981), *vacated*, 693 F.2d 847 (9th Cir.1982), for the proposition that punitive damages claims may be aggregated. Reliance on that opinion is misplaced; it was vacated by the Ninth Circuit in its entirety and has no value as precedent.

■ Aggregation of punitive damages to meet the jurisdictional minimum is not permitted in this circuit.

## 3. Attribution of Attorneys' Fees and Supplemental Jurisdiction

■ Defendants' final argument regarding the jurisdictional amount progresses as follows: (1) plaintiffs have a claim for attorneys' fees which is likely to exceed $150,000; (2) those fees are properly attributed solely to the two named plaintiffs, not absent class members, which raises the amount in controversy for the named plaintiffs beyond the jurisdictional minimum; and (3) because the Court has jurisdiction over the claims of the named plaintiffs, it may exercise supplemental jurisdiction over the claims of the remaining class members. That argument fails.

■ Defendants present no evidence that the attorneys' fees will actually exceed $150,000, as is their burden. They rely only on plaintiffs' admission that this assumption is a reasonable one. *See* Defendants' Opposition at 14; Plaintiffs' Memorandum at 4. Such reliance is inappropriate; plaintiffs may not concede subject matter jurisdiction.

Even if defendants' assumption is reasonable, the assertion of jurisdiction on this basis still fails. It is based on the presumption that *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), was overruled by 28 U.S.C. section 1367—the supplemental jurisdiction statute. *Zahn* held that the amount in controversy requirement must be met by *every* member of the plaintiff class. *See Goldberg v. CPC International, Inc.*, 678 F.2d 1365, 1367 (9th Cir.1982). Such a showing would be impossible in this case.

The Court finds persuasive the opinions of the Third and Tenth Circuits which concluded that section 1367 did not overrule *Zahn, see Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 220–222 (3rd Cir.1999); *Leonhardt v. Western Sugar Co.,* 160 F.3d 631, 640 (10th Cir.1998); *see also Tortola Restaurants, L.P. v. Kimberly–Clark Corp.,* 987 F.Supp. 1186, 1189–1190 (N.D.Cal.1997), even though other circuits have disagreed, *see Stromberg Metal Works, Inc. v. Press Mechanical, Inc.,* 77 F.3d 928, 930 (7th Cir.1996); *In re Abbott Laboratories,* 51 F.3d 524, 528–529 (5th Cir.1995). The language of section 1367 is ambiguous as to whether the statute was intended to overrule *Zahn,* but the legislative history is clear in that regard. *See* H.R.Rep. No. 101–734, at 29 & n. 17 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6860, 6875 & n. 17 (citing *Zahn* and stating that section 1367 "is not intended to affect the jurisdictional requirements of 28 U.S.C. section 1332 in diversity-only class actions, as those requirements were interpreted prior to *Finley [v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989) ]"). Furthermore, the view of section 1367 espoused by the Third and Tenth Circuits is consistent with the restrictive view of the jurisdictional amount requirement taken by the Ninth Circuit—a view not shared by the Fifth and Seventh Circuits.

Accordingly, the teaching of *Goldberg* applies with full force—attorneys' fees may neither be attributed solely to the named plaintiffs nor treated as an undivided common fund to satisfy the jurisdictional minimum. *Goldberg,* 678 F.2d at 1367; *see Gibson,* 1998 WL 646659, at *3.

### 4. Certification to the Ninth Circuit

█ Defendants point out that the Ninth Circuit has not ruled on many of these issues, and that an order remanding this action would not be appealable, 28 U.S.C. § 1447(d). Because the circuits have split on these issues, defendants' request that the Court deny remand on this basis alone and certify the order to the Ninth Circuit for review.

This the Court cannot do. If the Court is without jurisdiction, it must remand. *See* 28 U.S.C. § 1447(c). Furthermore, because of the "strong presumption" against removal jurisdiction, all doubts must be resolved in favor of remand. *See Gaus,* 980 F.2d at 566; *Ethridge,* 861 F.2d at 1393. If appeals of these decisions are to be had, it is Congress that must provide for them.

### 5. Attorneys' Fees and Costs

█ Plaintiffs have requested that the Court order defendants to pay the attorneys' fees and costs plaintiffs incurred in connection with the removal of this action. The Court may, in its discretion, issue such an order under 28 U.S.C. section 1447(c); no finding of bad faith is required. *See Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 445–448 (9th Cir.1992). The purpose of such an award is not to punish defendants, but rather to reimburse plaintiffs for unnecessary litigation costs. *See id.* at 447 (citation omitted).

█ When last considering this issue in 1996, the undersigned declined to award fees and costs because the law regarding removal of this kind of case was "not entirely clear." *Villarreal,* 1996 WL 116832, at *4. Since that time, district courts in the Ninth Circuit have continued to reject the same arguments made here by defendants. *See, e.g., Gibson,* 1998 WL 646659, *3–4; *Tortola Restaurants,* 987 F.Supp. at 1189–1190. Because the remand orders issued by those courts are not appealable, however, the Ninth Circuit has not recently spoken on the issues. In the absence of a Ninth Circuit opinion, defendants have felt free to persist in removing these cases, each time raising arguments that have been consistently rejected by the district courts. Such tactics waste the time and resources of both plaintiffs and the courts in this circuit. Plaintiffs should be compensated for the cost of this unnecessary round of litigation. Accordingly, plaintiffs' request for attorneys' fees and costs is

GRANTED. The Court will retain jurisdiction over the award of fees and costs, as detailed below, as a matter collateral to the order remanding this case to state court. *See Moore,* 981 F.2d at 445.

## CONCLUSION

Because defendants have failed to carry their burden of showing that there is federal subject matter jurisdiction over this matter, it is REMANDED to the San Francisco Superior Court. Plaintiffs' request, under 28 U.S.C. section 1447(c), for attorneys' fees and expenses incurred as a result of the removal is GRANTED. Plaintiffs are ORDERED to submit, within seven days of this order, proof of those fees and expenses together with a proposed order. Defendants SHALL then have one week to object to the reasonableness of the fees and costs.

SO ORDERED.