Lisa P. GOLDBERG, a resident of the City and County of San Francisco, State of California; The Essential Ingredient, a California partnership; Black Kettle, Ltd., a California limited partnership, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,

v.

CPC INTERNATIONAL, INC., a corporation; A. E. Staley Manufacturing Company, a corporation; Standard Brands, Inc., a corporation; American Maize-Products Company, a corporation; The Hubinger Company, a corporation; National Starch and Chemical Corporation, a corporation; Penick & Ford Inc., a corporation; Anheuser-Busch, Inc., a corporation; and DOES I through 100, inclusive, Defendants-Appellees.

No. 81–4172.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 1982.

Decided June 10, 1982.

Rehearing and Rehearing En Banc Denied July 28, 1982.

Ronald Lovitt, Lovitt & Hannan, Inc., San Francisco, Cal., argued for plaintiffs-appellants; Mark F. Anderson, San Francisco, Cal., on brief.

Richard W. Odgers, San Francisco, Cal., for defendants-appellees.

Before SNEED and TANG, Circuit Judges, and NIELSEN,* District Judge.

TANG, Circuit Judge:

In March, 1980, Goldberg, representing a class of indirect purchasers, filed a class

action in the California state court, alleging violations of the Cartwright Act, Cal.Bus. & Prof.Code § 16700 *et seq.*, and restraint of trade under California common law. She named as defendants eight corporate manufacturers of corn derivatives, all incorporated in states other than California, and 100 Doe defendants, 50 of whom were allegedly California citizens.

On April 29, 1980, defendants removed the suit from state to federal court, claiming diversity of citizenship and federal question jurisdiction. Goldberg's motion to remand was granted by the district court on August 13, 1980. The court acknowledged that none of the named defendants was a California resident, while all of the plaintiffs were, but found removal improper because the Doe allegations defeated diversity. *Goldberg v. CPC International, Inc.*, 495 F.Supp. 233 (N.D.Cal.1980).

On December 30, 1980, Goldberg filed an "At-Issue Memorandum" in the California Superior Court, enabling the case to be placed on the active calendar. The form memorandum included the following statement by one of the attorneys for the plaintiff class:

> I hereby represent to the court that all essential parties have been served with process or have appeared herein and that this case is at issue as to all such parties . . . *that to my knowledge no other parties will be served with a summons prior to the time of trial,* and I know of no further pleading to be filed.

(emphasis added).

As no Doe defendants had been served with process, the defendants again removed the case to federal court. Defendants (CPC) alleged that the $10,000.00 amount in controversy requirement of 28 U.S.C. § 1332 was satisfied, despite the small individual claims of the class members, because plaintiffs' potential attorneys' fees would exceed that amount. Goldberg's motion for remand was denied March 6, 1981, and the

---

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

order was certified for appeal pursuant to 28 U.S.C. § 1292(b).

The issue is whether the jurisdictional amount in controversy is satisfied. We find that it is not.

■ In *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), the Supreme Court held that in Rule 23(b)(3) class actions, separate claims must be considered separately and each class member's claim must satisfy the jurisdictional amount. If we assume that this is a class action, see *City of Inglewood v. City of Los Angeles*, 451 F.2d 948, 951–952 (9th Cir. 1971), the rule expressed in *Zahn* requires that each class member's claim meets the jurisdictional amount.

■ CPC tries to avoid *Zahn's* implications by arguing, correctly, that attorney's fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant. *Missouri State Life Insurance Co. v. Jones*, 290 U.S. 199, 202, 54 S.Ct. 133, 78 L.Ed. 267 (1933); *Stokes v. Reeves*, 245 F.2d 700, 702 (9th Cir. 1957). Cal.Bus. & Prof.Code § 16750(a) authorizes attorneys' fees.

CPC next contends that the potential attorneys' fees should be attributed to the named plaintiffs only, rather than *pro rata* to each class member, or, in the alternative, that the potential fees should be attributed to the class as a whole and treated as a common fund. Thus the amount in controversy requirement would be met because either the named plaintiffs will each meet the jurisdictional amount, or the entire class will.

■ We find that acceptance of either of CPC's theories would conflict with the policy of *Zahn v. International Paper Co.*, in which the Supreme Court reaffirmed that the "matter in controversy" requirement must be satisfied by each member of the plaintiff class. Plaintiffs whose claims fall short cannot satisfy the requirement by aggregation of claims. CPC's theories would seriously undermine and are contrary to the rule expressed by the Supreme Court in *Zahn*. Thus we conclude that the poten-tial attorneys' fees do not satisfy the jurisdictional amount for this cause of action, and that there is, therefore, no federal jurisdiction. The order denying Goldberg's motion for remand is reversed.