142 F.3d 1150
 98 Cal. Daily Op. Serv. 3108, 98 Daily Journal
D.A.R. 4313
GALT G/S, Plaintiff/Appellee,
v.
JSS SCANDINAVIA, Defendant/Cross-defendant/Appellee,
D & D Services, Defendant/Cross-defendant/ Cross-claimant/Appellee,
CRYSTAL ICE & COLD STORAGE CO., Defendant/Cross-claim
third-party plaintiff/Appellee,
v.
SAFEWAY STORES INC., Third-party defendant/ Cross-claimant/ Appellant,
v.
BUYERS REFRIGERATED TRUCK SERVICE OF SACRAMENTO,
Cross-defendant/Appellee,
Can Transport, Inc., Defendant/Cross-defendant Third-party
plaintiff/Appellee,
North America Services, Defendant/Cross-defendant
Third-party plaintiff/Appellee,
A.G. Hapag-Lloyd, Defendant/Cross-defendant Third-party
plaintiff/Appellee.
 No. 97-15356.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 15, 1998.
Decided April 27, 1998.
 
 1
 James Attridge, Shawn, Mann & Steinfeld, L.L.P., San Francisco, CA, for appellant/third-party defendant.
 
 
 2
 Rubert P. Hansen, San Francisco, CA, for appellee/third-party plaintiff.
 
 
 3
 Appeal from the United States District Court for the Northern District of California; D. Lowell Jensen, District Judge, Presiding. D.C. No. CV-89-01782 DLJ.
 
 
 4
 Before: WIGGINS and TASHIMA, Circuit Judges, and REA, District Judge.*
 
 REA, District Judge:
 
 5
 Third-Party Defendant Safeway Stores, Inc. appeals the district court's exercise of diversity-based subject matter jurisdiction after (1) dismissing dispensable non-diverse parties and (2) aggregating the principal claim amount with the projected attorneys' fees. Safeway also appeals the grant of summary judgment in favor of Third-Party Plaintiff Hapag-Lloyd, A.G. on its equitable indemnity claim. We affirm the district court's judgment in its entirety.
 
 I.
 
 6
 In 1987, Safeway placed an order with International Trading Co. ("ITC"), a meat importer, for 35,647 pounds of Danish ham. ITC arranged for the shipment of the ham from a supplier in Aarhus, Denmark to the Safeway warehouse in Stockton, California. Defendant Hapag-Lloyd, A.G. ("Hapag-Lloyd") is the ocean carrier which shipped the ham from Denmark to the Port of Oakland. Defendant CAN Transport, Inc. ("CAN") transported the ham by truck from Oakland to Sacramento. In Sacramento, Defendant Crystal Ice & Cold Storage ("Crystal Ice") stored the ham until Defendant D & D Services ("D & D") picked it up and transported it by truck to Safeway's facility in Stockton. These are all hereafter referred to as "the transportation entities."
 
 
 7
 The ham arrived at Safeway's warehouse on September 18, 1987. When the containers were opened eleven days later, the Safeway employees discovered that the ham was frozen and thus damaged. ITC agreed to rescind the sale and collected its alleged net loss of $53,243.21 from its insurer, Galt G/S ("Galt").
 
 
 8
 Galt then brought a subrogation action against the transportation entities alleging that they froze the ham. Hapag-Lloyd assumed the defense of the three ground carrier transportation entities and argued that the ham was not frozen during the journey to Stockton but rather was frozen after it arrived at the Safeway warehouse. The district court allowed the transportation entities to implead Safeway with a claim for indemnification.
 
 
 9
 On the eve of the January 1993 trial, Hapag-Lloyd paid Galt $13,500 to settle the principal cargo damage action and acquire the assignment of Galt's subrogation claim for $53,243.21 against Safeway. Two claims remained for the bench trial: Hapag-Lloyd's subrogation claim for $53,243.21, assigned to it by Galt, and Hapag-Lloyd's own third-party equitable indemnity claim, now fixed at $13,500. The district court exercised its supplemental jurisdiction to adjudicate these remaining claims.
 
 
 10
 At the trial, Hapag-Lloyd presented evidence that the Safeway warehouse has both a freezer room and a cooler room. The records indicating the room in which Safeway kept the meat prior to opening the shipping containers had been destroyed. However, Hapag-Lloyd presented further evidence that during both the ocean voyage and the ground transportation, the temperature of the ham never dropped below 28? F-its freezing temperature. The district court ruled for Hapag-Lloyd, on the claim assigned by Galt, and decided that Safeway was liable for the entire $53,243.21. The district court did not consider Hapag-Lloyd's $13,500 equitable indemnity claim.
 
 
 11
 Both Hapag-Lloyd and Safeway appealed. On appeal, the Ninth Circuit held that the claims for indemnification by Galt and by the transportation entities against Safeway did not sound in admiralty and that the district court had improperly exercised ancillary jurisdiction under Federal Rule of Civil Procedure 14(c) over the claims against Safeway. Galt G/S v. Hapag-Lloyd, A.G., 60 F.3d 1370, 1373-74 (9th Cir.1995). Remanding the action, this Court instructed the district court to dismiss the subrogation claims and to consider "whether to grant Hapag-Lloyd leave to amend its third party complaint to establish [diversity] jurisdiction and pursue its third party claim under Rule 14(a)." Id. at 1375.
 
 
 12
 Thus, on remand, the trial court had before it only Hapag-Lloyd's equitable indemnity claim against Safeway for $13,500. The only possible basis for subject matter jurisdiction would have been diversity of the parties. However, while Safeway is a Delaware corporation with its principal place of business in the state of California and Hapag-Lloyd is a German corporation with its principal place of business in Hamburg, Germany, the remaining transportation entities are California corporations. The district court granted Hapag-Lloyd's motion to dismiss CAN, Crystal Ice, and D & D, thus creating diversity.
 
 
 13
 A second obstacle to federal subject matter jurisdiction was the then-required $50,000 amount in controversy. Hapag-Lloyd's equitable indemnity claim against Safeway was for the $13,500 spent to settle with Galt, plus the attorneys' fees spent to fend off Galt's claim. In order to reach the requisite amount in controversy, the district court allowed Hapag-Lloyd to aggregate its $13,500 equitable indemnity claim with its claimed attorneys' fees of $44,266,65.[1] The district court then assumed subject matter jurisdiction under 28 U.S.C. § 1332(a) and granted Hapag-Lloyd's motion for summary judgment, holding it to be entitled to equitable indemnity under California law. The district court also held that Hapag-Lloyd was permitted by California Code of Civil Procedure § 1021.6 to recover attorneys' fees, which were later awarded in the sum of $35,662.90.
 
 
 14
 In this instant appeal, Safeway contends that the district court erred by: (1) granting the motion to dismiss the non-diverse transportation entities, and including attorneys' fees in the amount in controversy; and (2) granting summary judgment for Hapag-Lloyd on its equitable indemnity claim.
 
 II.
 
 15
 The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. The existence of subject matter jurisdiction is a question of law reviewed de novo. Ma v. Reno, 114 F.3d 128, 130 (9th Cir.1997). A grant of summary judgment is reviewed de novo, as well. Covey v. Hollydale Mobilehome Estates, 116 F.3d 830, 834 (9th Cir.1997).
 
 A.
 Dismissal of non-diverse parties
 
 16
 Safeway contends that the district court erred in granting Hapag-Lloyd's motion to dismiss the three California transportation entities pursuant to Federal Rule of Civil Procedure 21 in order to create complete diversity among the remaining parties. Rule 21 establishes, in relevant part, that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms that are just."
 
 
 17
 First, Safeway argues that complete diversity must be present at the time of the filing of the third-party complaint. Second, Safeway argues that this Court, in the first appeal, remanded to the district court with explicit instructions to determine the existence of diversity jurisdiction without dismissing any parties. Third, Safeway insists that Crystal Ice is a real party in interest and cannot be dismissed because Crystal Ice is the party that originally sought to implead Safeway.
 
 
 18
 All three of Safeway's arguments are without merit. First, Rule 21 specifically allows for the dismissal of parties at any stage of the action. There is no requirement that diversity exist at the time of the filing of the complaint. According to the Supreme Court in Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989), "it is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered." Id. at 832, 109 S.Ct. at 2222. In fact, Newman-Green establishes that "any stage of the action" includes the appeal, holding that an appellate court has the same Rule 21 power as a district court to dismiss a non-diverse party as long as doing so does not prejudice the remaining parties. Otherwise, the Supreme Court reasoned, if the suit were dismissed altogether for lack of subject matter jurisdiction, the plaintiff would simply refile against the defendants in the district court without the non-diverse parties. Id. at 837, 109 S.Ct. at 2225. "Nothing but a waste of time and resources would be engendered by ... forcing these parties to begin anew." Id. at 838, 109 S.Ct. at 2225; see also Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1523 (9th Cir.1987) ("Despite earlier case law to the contrary, it is now settled in this circuit that practicality prevails over logic and that we may dismiss a dispensable, non-diverse party in order to perfect retroactively the district court's original jurisdiction.")
 
 
 19
 Safeway's second argument is that the earlier Ninth Circuit decision in this case, Galt G/S v. Hapag-Lloyd, A.G., 60 F.3d 1370 (9th Cir.1995), specified that the district court, upon remand, determine diversity without dismissing any parties. Safeway points to the following language:
 
 
 20
 The district court may have diversity jurisdiction over Hapag-Lloyd and the other transportation defendants' indemnity claim against Safeway. We remand the case to the district court to consider in its discretion whether to grant Hapag-Lloyd leave to amend its third party complaint to establish such jurisdiction and pursue its third party claim under Rule 14(a).
 
 
 21
 Id. at 1375 (emphasis added). Safeway contends that this language expressly prohibits the district court from dismissing those non-diverse other transportation entities. This Court, however, sees no such express prohibition against dismissing any parties in its earlier decision. The district court was not limited in any way as to its procedural powers upon remand.
 
 
 22
 Safeway's third argument is that since Crystal Ice was the party to implead Safeway into the case, Crystal Ice is a real party in interest and cannot be dismissed. Safeway fails to support this argument with any rule of law. Further, when the district court dismissed Crystal Ice, it had already determined that Safeway was solely at fault for the damage to the ham, leaving no possibility that Crystal Ice could be found at fault. Finally, Hapag-Lloyd had taken up the defense on behalf of all the transportation entities, and Hapag-Lloyd alone paid the $13,500 to settle with Galt. Crystal Ice has nothing to recover in indemnity from Safeway and the district court properly found that Crystal Ice and the other transportation entities were dispensable parties.
 
 B.
 
 23
 Inclusion of attorneys' fees in the amount in controversy
 
 
 24
 Hapag-Lloyd spent $13,500 to settle with Galt on the eve of the bench trial at which the district court determined that Safeway froze its own ham. Hapag-Lloyd claims to have spent $44,266.65 in attorneys' fees in defense against Galt's claim. At the time of that trial, the amount in controversy requirement for diversity-based subject matter jurisdiction, pursuant to 28 U.S.C. § 1332(a), was $50,000 excluding interest and costs. The district court aggregated the claimed attorneys' fees with the $13,500 in order to reach that amount. In doing so the district court relied on Goldberg v. CPC International Inc., 678 F.2d 1365 (9th Cir.1982), cert. denied, 459 U.S. 945, 103 S.Ct. 259, 74 L.Ed.2d 202 (1982), where this Court held that "attorneys' fees can be taken into account in determining the amount in controversy if a statute authorizes fees to a successful litigant." Id. at 1367.
 
 
 25
 While this Court made no such distinction in Goldberg, Safeway argues that only attorneys' fees mandated by the underlying statute can be included in the amount in controversy; discretionary attorneys' fees must be excluded as costs. The "authorizing" statute in Goldberg mandates the award of attorneys' fees by providing that a person injured in his or her business property by reason of anything forbidden or unlawful may sue and "shall" be awarded reasonable attorneys' fees. The underlying statute in the instant case, however-California Code of Civil Procedure § 1021.6-provides for an award of attorneys' fees at the district court's discretion:
 
 
 26
 Upon motion, a court after reviewing the evidence in the principal case may award attorney's fees to a person who prevails on a claim for implied indemnity if the court finds (a) that the indemnitee through the tort of the indemnitor has been required to act in protection of the indemnitee's interest by bringing an action against or defending an action by a third person and (b) if that indemnitor was properly notified of the demand to bring the action or provide the defense and did not avail itself of the opportunity to do so, and (c) that the trier of fact determined that the indemnitee was without fault in the principal case which is the basis for the action in indemnity or that the indemnitee had a final judgement entered in his or her favor granting a summary judgment, a nonsuit, or a directed verdict.
 
 
 27
 Cal.Civ.Proc.Code § 1021.6 (West 1998) (emphasis added).
 
 
 28
 The district court's reliance on Goldberg is not misplaced; however, the Goldberg opinion does not address Safeway's contended distinction between mandatory and discretionary attorneys' fees. There is no case law in this circuit which explicitly addresses that proposed distinction. However, 14A C. Wright & A. Miller, Federal Practice and Procedure, § 3712, at 178 (1985), states the following:
 
 
 29
 When the applicable substantive law makes the award of an attorney's fee discretionary, a claim that this discretion should be exercised in favor of plaintiff makes the requested fee part of the amount in controversy. But when there is no direct legal authority for an attorney's fee, a request for a fee cannot be included in the computation or the jurisdictional amount.
 
 
 30
 See also Velez v. Crown Life Ins. Co., 599 F.2d 471, 474 (1st Cir.1979) ("[As] a general rule, attorneys' fees are excludable in determining the amount in controversy because, normally, the successful party does not collect his attorneys' fees in addition to or as part of the judgment [citation omitted]. There are however, two logical exceptions to this rule: one where the fees are provided for by contract, and two, where a statute mandates or allows the payment of such fees." (emphasis added)); Blank v. Preventive Health Programs, Inc., 504 F.Supp. 416, 421 (S.D.Ga.1980) (citing 14 C. Wright & A. Miller, Federal Practice and Procedure, § 3712, at 507 (1976)).
 
 
 31
 We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.
 
 C.
 Equitable indemnity claim
 
 32
 After establishing diversity-based subject matter jurisdiction, the district court granted summary judgment for Hapag-Lloyd on its equitable indemnity claim. Safeway appeals this ruling, arguing that California law precludes equitable indemnity given the facts of this case. Specifically, Safeway makes two arguments: (1) the alleged wrong is not a tort; and (2) equitable indemnity is not a permissible remedy when the claimed indemnitee is totally without fault. Both arguments are without merit.
 
 
 33
 Safeway contends that the underlying principal action for cargo damage is in contract rather than tort and thus equitable indemnity is inapplicable. However, this Court has already established that a vessel owner's breach of its duty of care for a cargo gives rise to liability in tort, irrespective of the contractual obligations of the parties. All Alaskan Seafoods, Inc. v. M/V SEA PRODUCER, 882 F.2d 425, 429-30 (9th Cir.1989). The existence of a contract between Safeway and Galt does not preclude Hapag-Lloyd's equitable indemnity claim against Safeway.
 
 
 34
 Safeway also contends that neither it nor Hapag-Lloyd is a tortfeasor and that California law requires both indemnitee and indemnitor to be tortfeasors for a proper equitable indemnity claim. According to California law, equitable indemnity permits "a concurrent tortfeasor to obtain partial indemnity from another concurrent tortfeasor on a comparative fault basis." American Motorcycle Ass'n. v. Superior Court of Los Angeles County, 20 Cal.3d 578, 598, 146 Cal.Rptr. 182, 578 P.2d 899 (1978). Safeway reasons that it cannot qualify as a tortfeasor because it froze its own ham and cannot tortiously act against itself. Further, Safeway reasons that Hapag-Lloyd cannot qualify as a tortfeasor because it successfully proved itself free of fault.
 
 
 35
 Safeway's reasoning would produce an unjust result. Safeway rescinded the contract with ITC, which ultimately led to an action by ITC's insurer, Galt, against the various transportation entities. Those transportation entities eventually proved that Safeway itself caused the damage. Those transportation entities--specifically Hapag-Lloyd--incurred costs to fend off Galt's suit, when all the while Safeway was the party that damaged the ham. After sitting back and letting the transportation entities defend themselves against Galt for damage to the ham caused by Safeway, Safeway cannot now duck responsibility by arguing that since it froze its own ham, it cannot be a tortfeasor. The wrongdoing is not that Safeway damaged its own property but rather that Safeway handled its property in such a way that led to a loss to Galt for which Hapag-Lloyd has already paid a settlement. This perspective supports a claim for equitable indemnity. The California Supreme Court recognizes the "obligation resting on one party to make good a loss or damage another has incurred." Bay Dev., Ltd. v. Superior Court, 50 Cal.3d 1012, 1029, 269 Cal.Rptr. 720, 791 P.2d 290 (1990) (quoting E.L. White, Inc. v. City of Huntington Beach, 21 Cal.3d 497, 506, 146 Cal.Rptr. 614, 579 P.2d 505 (1978)). That principal applies to Safeway here.
 
 
 36
 As to Hapag-Lloyd's status as a tortfeasor, Mullin Lumber Co. v. Chandler, 185 Cal.App.3d 1127, 230 Cal.Rptr. 122 (1986), establishes a clear rule that a settling innocent party can take on the mantle of joint tortfeasor with the indemnitor in order to maintain an action for equitable indemnity. According to Mullin Lumber, a settling defendant is held to a lesser burden of proof in order to establish a right to indemnity and need not prove his or her own fault to be entitled to indemnity:
 
 
 37
 We hold in an action for equitable indemnity based on comparative fault the settling defendant need only prove the settlement was based on a reasonable estimate of its liability at the time of the settlement....
 
 
 38
 The court need only find the defendant's 'estimate of potential liability was reasonable at the time of settlement' ... [and][t]his requirement is satisfied if the injured party could state a recognized cause of action against the settling defendant and the settlor faced actual, potential or reasonably apparent liability.
 
 
 39
 ...
 
 
 40
 The settling defendant would still have to prove fault on the part of the non-settling defendant contributed to the plaintiff's injuries.
 
 
 41
 Id. at 1133-34, 230 Cal.Rptr. 122. Thus, by California law, Hapag-Lloyd is not precluded from equitable indemnification by virtue of its lack of fault.
 
 D.
 
 42
 The district court did not err in dismissing non-diverse parties under Rule 21 or in including discretionary attorneys' fees in the amount in controversy under 28 U.S.C. § 1332. We agree with the district court that California law permits Hapag-Lloyd to maintain an equitable indemnity claim.
 
 
 43
 AFFIRMED.
 
 
 
 *
 The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation
 
 
 [1]
 The court did not allow aggregation of the claimed $6,129.09 in costs, however