**CIRCUIT CITY STORES, INC.
a Virginia corporation,
Petitioner–Appellee,**

v.

**Mohammad Sharfuddin AHMED,
Respondent–Appellant.**

No. 98–55896.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1999.

Decided Nov. 18, 1999.

Andrew M. Wyatt, Woodland Hills, California, for the respondent-appellant.

Rex Darrell Berry, Davis, Grimm & Payne, Seattle, Washington, for the petitioner-appellee.

Before: B.B. FLETCHER, D.W. NELSON, and BRUNETTI, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's final order compelling arbitration

under the Federal Arbitration Act, 9 U.S.C.A. § 1, *et seq.* (West 1999) ("FAA"). We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court, however, lacked the authority, as a matter of substantive law, to compel arbitration because the Federal Arbitration Act does not apply to this case. In *Craft v. Campbell Soup Co.*, 177 F.3d 1083, 1094 (9th Cir.1999), we held that the FAA does not apply to labor or employment contracts.

### Factual and Procedural Background

Mohammad Sharfuddin Ahmed appeals the district court's order staying his state court action and compelling arbitration. Circuit City sought mutually binding arbitration under Section 4 of the FAA in response to Ahmed's state court lawsuit under the California Fair Employment and Housing Act ("FEHA").

In March 1995, Ahmed began working as a sales counselor at Circuit City. A month later, Circuit City instituted an "Associates Issue Resolution Program" that included a provision calling for "binding arbitration of legal disputes." On April 4, 1995, Ahmed signed an "Associate Receipt of Issue Resolution Package" form. The package contained (1) an Associate Issue Resolution Handbook, (2) the Circuit City Dispute Resolution Rules and Procedures, and (3) a Circuit City "Opt–Out" Form. If Ahmed did not mail the opt-out form to Circuit City within 30 days, the materials indicated in several places that Ahmed would be "automatically part of the arbitration program" and "required to arbitrate all employment related legal disputes" with Circuit City. Ahmed did not mail in the opt-out form.

### Standard of Review

■ The Ninth Circuit reviews de novo the district court's order compelling arbitration. *See Zolezzi v. Dean Witter Reynolds, Inc.*, 789 F.2d 1447, 1449 (9th Cir.1986). The existence of subject matter jurisdiction is a question of law reviewed de novo. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1153 (9th Cir.1998).

### Discussion

■ Circuit City sought arbitration pursuant to Section 4 of the FAA and asserted jurisdiction pursuant to Section 4 and 28 U.S.C. § 1332. We recognize that the FAA is not a jurisdictional statute:

> [The FAA] is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal question jurisdiction under [§ 1331] or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other basis for federal jurisdiction.

*Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In this case, we need not consider whether the district court had underlying federal question jurisdiction because the FAA is inapplicable. As a threshold matter, therefore, the district court lacked the authority under Section 4 of the FAA to compel arbitration.

We must find that the FAA is inapplicable to this case under *Craft* if the failure to opt-out of the dispute resolution program constitutes an employment contract. This court has defined an "employment contract" as "an agreement setting forth 'terms and conditions' of employment." *Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1374, 1376 (9th Cir.1994) (quoting *Black's Law Dictionary* 525 (6th ed.1990)).

In this case, Ahmed merely signed a form acknowledging that he had received Circuit City's materials, and then Ahmed failed to opt-out of the arbitration agreement. Ahmed's signed receipt of materials and his failure to opt-out constitutes an employment contract with Circuit City. The receipt form that Ahmed signed indicated that he had received the dispute resolution handbook, the procedures man-

ual, and the opt-out form. Furthermore, it expressly stated the terms and conditions of the arbitration agreement. It indicated that participation in the dispute resolution program was "voluntary." The form's final sentence said: "I understand that if I do not mail the [opt-out] Form within 30 calendar days, I will be required to arbitrate all employment-related legal disputes I may have with Circuit City."

This language is in the form of an express agreement between Ahmed and Circuit City. Although the agreement in this case was not a condition precedent to employment, the employer intended it to be binding. The agreement was an employment contract, rendering the FAA inapplicable. *See Craft*, 177 F.3d at 1094. Thus, we reverse the district court's order compelling arbitration and remand to the district court for dismissal because of a lack of federal authority.

**REVERSE AND REMAND.**