**Christine McCONNELL, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**MOTHERS WORK, INC., a Delaware corporation, Defendant.**

**No. CS–01–0166–EFS.**

United States District Court, E.D. Washington.

July 25, 2001.

Kevin W. Roberts, McCormick Dunn & Black PS, Spokane, WA, for Plaintiff.

Leigh Ann Collings Tift, Littler Mendelson PC, Seattle, WA, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

SHEA, District Judge.

**BEFORE THE COURT** is Plaintiff McConnell's Motion to Remand to State Court, (Ct.Rec.3), in which Ms. McConnell seeks to remand this matter to the Superior Court of the State of Washington for Spokane County, Case No. 012–024–412. She also requests attorney fees and costs incurred as a result of Defendant Mothers Work, Inc.'s ("Mothers Work's") removal notices.

Ms. McConnell filed this matter as a class action in Spokane County Superior Court on about April 26, 2001. (Notice Removal, Ct. Rec. 1, Compl. Damages, Ex. A.) From September 1999 through March 2001, Ms. McConnell was an "Associate" and a "Store Manager" in Mothers Work's Motherhood Maternity Retail Store in Spokane County. During her time there, Ms. McConnell allegedly worked overtime and without a meal period or breaks, but was not given extra compensation. She brought this suit to recover her unpaid wages. Her complaint requests relief in the form of (1) twice the amount of unpaid wages owed pursuant to Wash. Rev.Code §§ 49.52 *et seq.*, 49.46 *et seq.*, and 49.52.070, (2) costs and reasonable attorney fees pursuant to Wash. Rev. Code §§ 49., 48.030 and 49.52.070, and (3) such other and further relief as the Court deems just and proper. (Ct. Rec. 1 Ex. A.) Mothers Work removed the matter to this Court on the basis of diversity jurisdiction. (Ct. Rec. 1; Am. Notice Removal, Ct. Rec. 2.) Ms. McConnell now seeks to remand, asserting that the amount in controversy requirement is not met.

## I.  PROPRIETY OF REMOVAL

A federal district court has diversity subject matter jurisdiction only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C.A. § 1332(a) (West 1993). In a class action suit where, as here, each class member has separate and distinct claims, the named class representative's claims must satisfy the amount in controversy. *See Snow v. Ford Motor Co.*, 561 F.2d 787 (1977) (where each class member has separate and distinct claims, the amount in controversy is determined by the value of the right to the plaintiff and not by the "total detriment" to the defendant); *Goldberg v. CPC International, Inc.*, 678 F.2d 1365, 1367 (9th Cir.1982) (each class member's claim must satisfy the jurisdictional amount); *Free v. Abbott Labs. (In re Abbott Labs.)*, 51 F.3d 524, 529 (5th Cir.1995) (under the 1990 enactment of 28 U.S.C. § 1367, when the class representative meets the amount-in-controversy requirement, supplemental jurisdiction can exist for class members not meeting the requirement). Generally, if an underlying statute authorizes attorneys fees, they may be included in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). However, in a class action suit, the potential attorneys' fees of the entire class cannot be taken into account in determining the amount in controversy, even if a statute authorizes attorney fees to a successful litigant. *See Goldberg*, 678 F.2d at 1367.

"Where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy [requirement has been met]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.1996). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Because Ms. McConnell's complaint does not specify a particular amount of damages, Mothers Work must prove by a preponderance of the evidence that her claims exceed $75,000. Mothers Work's Amended Notice of Removal asserts that the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs because (1) Mothers Work believes Ms. McConnell "asserted that she intends to recover at least $30,000 from this lawsuit," (2) she requests that her award be doubled and (3) she seeks attorney fees. (Ct. Rec. 2 at 2 ¶ 3.) Mothers Work's belief regarding Ms. McConnell's intent appears to stem from a statement by Shane Moss, district manager for Mothers Work. Ms. Mess states, "I learned that Ms. McConnell told her former co-workers in Spokane that she intended to file a lawsuit and said she 'still had a $30,000 college loan to pay off.'" (Decl. Shane Moss Opp'n Pls.'s Mot. Remand, Ct. Rec. 10, ¶ 4.)

The Court finds that Mothers Work has not proved by a preponderance of the evidence that Ms. McConnell's claim satisfies the amount in controversy requirement. Even if Ms. McConnell's statements concerning her intent to file a suit and the existence of a college loan were in fact linked, at best they suggest that Ms. McConnell would like to receive at least $30,000 from the suit. Assuming *arguendo* that a prorata share of potential attorney fees could be included in calculating the amount in controversy, the Court finds it unlikely that such fees, together with $30,000, would total $75,000. Accordingly, Ms. McConnell's motion is GRANTED.

## II. AWARD OF ATTORNEY FEES AND COSTS

Ms. McConnell seeks attorney fees and costs incurred in responding to Mothers Work's notices of removal. Mothers Work filed an original Notice of Removal, (Ct.Rec.1), on May 23, 2001. That notice relied on aggregation of class member claims to demonstrate that the amount in controversy requirement was satisfied for diversity subject matter jurisdiction. Ms. McConnell informed Mothers Work that this was an improper basis for satisfying the requirement and requested withdrawal of the notice. Mothers Work then filed the instant Amended Notice of Removal on May 30, 2001. Because the Court GRANTS Ms. McConnell's motion to remand, it may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c) (West Supp.2001). A finding of bad faith is not required for an award of attorney fees for improper removal. *See Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir.1992).

The Ninth Circuit law governing removal in cases like this is sufficiently clear to establish that, when combined with the facts Mothers Work provides in support of its Amended Notice of Removal, removal is improper. Accordingly, the Court GRANTS Ms. McConnell's motion for attorney fees and costs incurred as a result of the two removal notices and the instant motion for remand. Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiff McConnell's motion to remand this matter to state court, **(Ct. Rec.3–1),** is **GRANTED.** This matter is remanded to the Superior Court of the State of Washington for Spokane County, Case No. 012–024–412, for further proceedings.

2. Plaintiff McConnell's motion to recover attorney fees and costs, **(Ct.Rec.3–2),** is **GRANTED.** No later than **August 6, 2001,** Plaintiff shall file and serve a statement of attorney fees and costs she incurred as a result of Defendant's two removal notices and her motion for remand. Defendant shall file and serve a response no later than **August 13, 2001.** No reply shall be filed.

**IT IS SO ORDERED.** The District Court Executive is directed to

(A) Enter this Order;

(B) Provide copies to counsel;

(C) Provide a certified copy to the **Clerk of the Superior Court of the State of Washington for Spokane County,** Case No. 012–024–412; and

(D) **CLOSE THIS FILE.**