ARCO PRODUCTS COMPANY, a division of Atlantic Richfield Company, Plaintiff—Appellee,

v.

STEWART & YOUNG INCORPORATED, a California corporation, Defendant—Appellant.

No. 01–15678.
D.C. No. CV–99–02401–GEB/JFM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 2002.

Decided Sept. 5, 2002.

Before SCHROEDER, Chief Judge,
D.W. NELSON and REINHARDT,
Circuit Judges.

### MEMORANDUM*

Stewart & Young, Inc. ("Stewart") appeals the district court's grant of summary judgment to ARCO Products Company ("ARCO"). Stewart argues that the district court erred 1) by concluding that it did have subject matter jurisdiction over ARCO's declaratory relief action; 2) by concluding that ARCO's termination of its Franchise Agreement was proper under the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801–2841 ("PMPA"); and 3) by declining to hold the Agreement as anticompetitive or an unenforceable contract of adhesion. We agree with the district court, and affirm.

### I

Whether subject matter jurisdiction exists is a question of law we review de novo. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1153 (9th Cir.1998).

Stewart argues that the district court lacked jurisdiction over ARCO's declaratory relief action, consolidated with Stewart's action, because it was merely a defense to Stewart's action, and because the PMPA does not provide for a cause of action by a franchisor. It is true that the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, by itself does not confer federal question jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). When a declaratory judgment plaintiff, however, "asserts a claim that is in the nature of a defense to a threatened or pending action, the character of the threatened or pending action determines whether federal question jurisdiction exists with regard to the declaratory judgment action." *Levin Metals Corp. v. Parr–Richmond Terminal Co.*, 799 F.2d 1312, 1315 (9th Cir.1986).

Here, the action initiated by Stewart under the PMPA clearly conferred federal question jurisdiction on the district court. ARCO's claims were in the nature of a defense to a pending action by Stewart. Thus, we hold that the district court had subject matter jurisdiction over ARCO's declaratory relief action.

### II

We review a grant of summary judgment de novo. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001). On an appeal from summary judgment, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Robi v. Reed*, 173 F.3d 736, 739 (9th Cir.1999).

First, Stewart argues that his Franchise Agreement with ARCO did not prohibit transfer and resale of ARCO-branded gasoline. Article 4(c) of the Agreement, however, clearly prohibits such actions, and provides ARCO with the right to terminate

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the Agreement should the provision be violated.

■ Second, Stewart argues that even if its conduct constituted a violation, ARCO's termination under Article 4(c) was not valid under the PMPA. Under the PMPA, a franchisor may terminate the franchise upon the failure by the franchisee to comply with any provision of the franchise that is both reasonable and material, or upon the occurrence of an event that is relevant to the franchise relationship, and as the result of which termination is reasonable. 15 U.S.C. §§ 2802(b)(2)(A) & (C). Here, the provision in question is reasonable and materially significant. The requirement that all ARCO gasoline be branded protects ARCO from "reverse palming off," the "selling or offering for sale [of] another's product that has been modified slightly and then labeled with a different name." *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1437 (9th Cir.1993). Thus, we hold that Stewart violated a material provision of the Franchise Agreement, and that ARCO's subsequent termination was valid under the PMPA.

## III

■ Finally, Stewart contends that the Franchise Agreement is unenforceable as a matter of law because it is anti-competitive, or in the alternative, because it constitutes a contract of adhesion. Under federal law, vertical trade restraints, like the one ARCO allegedly maintains through its TVA provision, are not antitrust violations unless they amount to anti-competitive conduct under the "rule-of-reason" analysis. *State Oil Co. v. Khan*, 522 U.S. 3, 22, 118 S.Ct. 275, 139 L.Ed.2d 199 (1997). As long as prices remain above predatory levels and do not threaten competition, low prices benefit consumers regardless of how they are set. *Id.* at 15, 118 S.Ct. 275; *see also Exxon Corp. v.*

*Superior Court*, 51 Cal.App.4th 1672, 1681, 60 Cal.Rptr.2d 195 (1997). In addition, to state an antitrust claim regarding vertical trade restraints, one must make a threshold showing that the alleged violator holds market power in the relevant market. *Exxon*, 51 Cal.App.4th at 1681, 60 Cal. Rptr.2d 195. Here, Stewart has not alleged that ARCO has a controlling share of the petroleum gasoline market, and therefore could not succeed as a matter of law on an antitrust claim.

■ Stewart's remaining claim is similarly unpersuasive. Under California law, contracts of adhesion are not per se unenforceable. *Allan v. Snow Summit, Inc.*, 51 Cal.App.4th 1358, 1375, 59 Cal.Rptr.2d 813 (1996). Such contracts are unenforceable only in circumstances where the contract does not match the reasonable expectations of the weaker party, or where, in context, the contract is unconscionable. *Id.* Among the factors to consider in assessing a party's reasonable expectations are the sufficiency of the notice given and extent to which the contract affects the public interest. *Id.* at 1375–76, 59 Cal. Rptr.2d 813. Here, the Franchise Agreement provided Stewart with sufficient notice about ARCO's right to terminate in the event of a violation of Article 4(c). The provision also serves the public interest in encouraging lower gasoline prices under ARCO's brand name. Nor is the provision unconscionable. Thus, we hold that the Franchise Agreement is neither anti-competitive as a matter of law, nor an unenforceable contract of adhesion.

## CONCLUSION

For the reasons stated above, we hold that the district court had subject matter jurisdiction over this action. We also hold that the district court properly granted

summary judgment to appellee ARCO. The judgment is therefore AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.