Earl E.P. HASKELL; Loralee K. Haskell, Plaintiffs—Appellants,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; John Does, 1–10; Jane Does, 1–10; Doe Corporations, 1–10; Doe Business Entities, 1–10; Doe Governmental Entities, 1–10, Defendants—Appellees.

No. 02–15533.

D.C. No. CV–01–00183–SOM/KSC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2003.

Decided July 9, 2003.

Before SCHROEDER, Chief Judge, D.W. NELSON, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Earl and Loralee Haskell appeal the district court's grant of summary judgment to State Farm denying automobile insurance benefits.

■  We hold that subject matter jurisdiction exists under 28 U.S.C. § 1332. The parties do not dispute diversity of citizenship. State Farm must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

878

28 U.S.C. § 1332; *Cohn v. Petsmart*, 281 F.3d 837, 839 (9th Cir.2002). It is facially apparent from the complaint that the amount in controversy exceeds $75,000. The parties agree that $70,000 in uninsured motorist benefits under two State Farm policies is in controversy. The Haskells' complaint states further that State Farm is "obligated" to provide no-fault, personal injury protection coverage. The State Farm policies provide $10,000 of such coverage. The complaint also seeks statutorily authorized attorneys' fees, which may be taken into account when determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir.1998). Including the uninsured motorist coverage, the personal injury protection coverage, and attorneys' fees, State Farm has demonstrated that the amount in controversy exceeds $75,000.

The Haskells claim that Earl Haskell's injury arose out of the use of an uninsured motor vehicle. We disagree. Even if Peter Moses was "using" the Alamo rental car by attempting to steal it or to steal a backpack out of it, under Hawaii law there still must be a causal connection between the use of the uninsured vehicle and the injury. *See AIG Haw. Ins. Co. v. Estate of Caraang*, 74 Haw. 620, 851 P.2d 321 (1993); *Ganiron v. Haw. Ins. Guaranty Ass'n*, 69 Haw. 432, 744 P.2d 1210 (1987). The Alamo car was not used to facilitate the shooting, nor at any time during the events was it used for transportation purposes. The connection between Moses's "use" of the Alamo car and his shooting Haskell is too attenuated to support a finding of coverage under Hawaii law. We therefore affirm the district court's grant of summary judgment.

**AFFIRMED.**