**Joanne Marie BAKKEN, for herself and all other similarly situated and the general public, Plaintiff—Appellant,**

v.

**STATE FARM INSURANCE COMPANY, an Illinois corporation; et al., Defendants—Appellees.**

No. 02–56795.

D.C. No. CV–02–00232–MJL(RBB).

United States Court of Appeals, Ninth Circuit.

Argued Dec. 3, 2003.

Submitted Jan. 13, 2004.

Decided Feb. 11, 2004.

Stephen B. Morris, William Pettersen, Pettersen and Bark, Mark C. Hinkley, Morris ad Associates, San Diego, CA, for Plaintiff–Appellant.

William F. Zulch, Evan, Crandall, Wade, Lowe and Gates, Irvine, CA, for Defendants–Appellees.

Before HUG, B. FLETCHER, and WARDLAW, Circuit Judges.

MEMORANDUM *

Joanne Marie Bakken suffered physical injury and property damage in a car accident with an underinsured motorist (UIM) and challenges deductions made by State Farm under her UIM insurance policy. Bakken's State Farm policy has a $30,000 per person limit and State Farm deducted from its payment $15,000 that Bakken had

recovered in a settlement with the UIM's insurance carrier and $11,498.27 that Bakken's worker's compensation carrier had paid on Bakken's behalf, primarily for medical costs. Bakken filed a class action suit in San Diego Superior Court that challenged State Farm's set-offs. State Farm removed Bakken's class action to federal district court on the basis of diversity jurisdiction and moved to dismiss. The district court dismissed Bakken's claims with prejudice and entered judgment; it did not certify a class. Bakken appeals the dismissal of her claims.

A district court does not have diversity jurisdiction unless the amount-in-controversy exceeds $75,000. 28 U.S.C. § 1332. Even where the parties do not challenge jurisdiction on appeal, the court has an obligation to ensure that jurisdiction exists. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.2003) (noting that the parties' agreement that jurisdiction existed was irrelevant).

To establish that the amount-in-controversy was satisfied in this case, State Farm's notice of removal relied on Bakken's assertion that "[a]s a result of [State Farm's alleged unfair business practices], State Farm has effectively deprived Plaintiff and the Class members of at least tens of millions of dollars in policy benefits." However, only the claims of named class members count toward the amount-in-controversy requirement. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940–41 (9th Cir.2001) (noting that unnamed class members are not even party to the suit until after class certification). Similarly, Bakken's request for disgorgement of State Farm profits on behalf of all class members may be counted toward the amount-in-controversy only to the extent of the value of Bakken's

individual claim against State Farm. *See In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 962 (9th Cir. 2001) (holding that unless a plaintiff class presents a claim in which they all have a "common and undivided interest," the total amount of disgorgement cannot be counted toward the amount-in-controversy).

Bakken's complaint also requests attorneys' fees. However, "when there is no direct legal authority for an attorney's fee, a request for a fee cannot be included in the computation [of] the jurisdictional amount." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir.1998) (quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure, § 3712 at 178 (1985)). Attorneys' fees are not available for claims brought under California unfair business practice law, which is Bakken's central cause of action. *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App.4th 1158, 121 Cal.Rptr.2d 79, 94 (2002) ("The unfair competition law does not provide for attorney fees, and relief is generally limited to injunctive relief and restitution.").

The limit on Bakken's State Farm policy is $30,000. She concedes that State Farm properly deducted at least $9,000[1] and that State Farm has already paid her approximately $3,500. The remaining value of her claim is approximately $17,500. Bakken is the only named plaintiff; there is no common class fund at issue; and Bakken's individual claim for damages does not satisfy the amount-in-controversy requirement. For these reasons, we hold that the district court did not have diversity jurisdiction over Bakken's claim. We dismiss this appeal and remand to the district

---

1. Bakken argues that State Farm was entitled to either one of the set-offs under the policy, but not both.

court to vacate its dismissal with prejudice and to remand the case to state court.

APPEAL DISMISSED and REMANDED with Instructions to Vacate and to REMAND to State Court.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.