Kleinfeld, J., dissenting

I respectfully dissent.

Our analysis must begin with the pleading. The pleading requires no new law, just the well reasoned decisions in <u>Abrego Abrego</u>,[1] <u>Sanchez</u>,[2] and <u>Singer</u>.[3] The complaint did *not* plead a specific amount in controversy.

Plaintiff filed the case in state court. For the defendant to avoid remand after removing the case to federal court, it had to show that the matter in controversy "exceeds" $5 million.[4] In the days when complaints stated specific ad damnums, cases concerning amount in controversy requirements were simple to resolve by following <u>St Paul Mercury</u>.[5] Now that complaints often do not state specific ad damnums, we (and our sister circuits) have developed an extensive

---

[1] <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676 (9th Cir. 2006)

[2] <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398 (9th Cir. 1996).

[3] <u>Singer v. States Farm Mutual Automobile Ins. Co.</u>, 116 F.3d 373 (9th Cir. 1997).

[4] <u>See</u> 28 U.S.C. § 1332(d)(2).

[5] <u>St. Paul Mercury Indemnity Co. v. Red Cab Company</u>, 303 U.S. 284, 288-89 (1937) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith.").

body of precedent governing how to apply amount in controversy requirements.[6]

The complaint in this case is poorly drafted. It contradicts itself about the amount in controversy. In the caption area, the complaint says that "THE AGGREGATE OF CLAIMS DOES NOT EXCEED 5 MILLION DOLLARS." In paragraph 4, under a heading "JURISDICTION AND VENUE," it says the "[t]he aggregate total of the claims pled herein do [sic] not exceed five million dollars." So far, clear as a bell, and an easy affirmance of the remand.

But the prayer for relief contradicts the complaint's previous statements. The prayer first asks for an award "in total less than five million dollars" for the unpaid wages and penalties. Then, after a semicolon separating the claim for "less than five million dollars" from the additional relief sought, the prayer asks that the court "award plaintiff's attorney fees." We held in Galt that "where an underlying statute authorizes an award of attorneys' fees, . . . such fees may be included in the

---

[6]See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-83 & n.8 (9th Cir. 2006); Singer v. States Farm Mutual Automobile Ins. Co., 116 F.3d 373, 375-77 (9th Cir. 1997); Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 401-03 (9th Cir. 1996); Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (quoting Garza v. Bettcher Indus., Inc., 752 F. Supp. 753, 763 (E.D. Mich. 1990)); see also 14 C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE §3725 at 67 et seq. (collecting cases).

amount in controversy."[7] The complaint makes all of its claims pursuant to several Oregon statutes.[8] Related Oregon statutes on costs provide for attorneys' fees in addition to the costs and disbursements otherwise provided for.[9] Since our precedents hold that the amount in controversy includes not only the amount of the claim, but, also and additionally, the attorneys' fees,[10] the Oregon attorneys' fees get added to the "amount less than $5 million" claimed by the plaintiff to determine the amount in controversy.

Because attorneys' fees get added to the damages, and all the complaint says is that the damages will not exceed $5 million, the complaint does not say whether the amount in controversy exceeds $5 million. It could be $10,000 plus attorneys' fees (below the jurisdictional requirement), or $4,999,999.99 plus attorneys' fees (conferring federal jurisdiction). Sometimes a formal judicial admission can establish that a claim uncertain in amount will not meet the federal jurisdictional

---

[7] Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

[8] See O.R.S. 652.140, 653.010(11)

[9] See O.R.S. 652.200(2), 653.055(4).

[10] See Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

requirement.[11]  No such admission has been made in this case.[12]  Thus, the majority errs in saying that the plaintiff has pleaded an amount in controversy less than $5 million.[13]

The law is already established in our circuit for CAFA[14] cases where the pleading does not specify whether the amount in controversy exceeds $5 million. Under Abrego Abrego, "[w]here the complaint does not specify the amount of damages sought, the removing defendant must prove *by a preponderance of the evidence* that the amount in controversy requirement has been met."[15]  To make this determination, the court should consider, in addition to the complaint itself,

---

[11] See Singer v. States Farm Mutual Automobile Ins. Co., 116 F.3d 373, 376-77 (9th Cir. 1997).

[12]  At oral argument, plaintiff's counsel did indeed make some remarks that sounded as though her total demand including attorneys' fees was under $5 million, as the majority opinion says at page 19.  I understood her also to make remarks avoiding any commitment to that position.  She appeared to me to be arguing and to be avoiding making a formal admission. She did not file any paper, in district court or this court, making such an admission.

[13] Majority at 9.

[14] 28 U.S.C. § 1332(d)(2).

[15] Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-83 (9th Cir. 2006) (emphasis added); see also Singer v. States Farm Mutual Automobile Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997) ("Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy [meets the jurisdictional minimum].").

"facts in the removal petition and . . . summary judgment-type evidence relevant to the amount in controversy at the time of removal." [16]

The district court did not determine whether the defendant established by a preponderance of the evidence that the amount in controversy exceeds $5 million. Instead, overlooking the prayer for attorneys' fees, the court treated the complaint as though it had pleaded an amount in controversy less than $5 million. Because of that incorrect reading (of a complaint admittedly difficult to read), the district court did not evaluate the facts in the removal petition to inform its determination of the amount in controversy.

The majority does not make a preponderance of the evidence determination. It applies the more demanding standard of proof to a legal certainty. But, as Abrego Abrego sets forth, the "legal certainty," or "good faith," test from St Paul Mercury is applicable where the complaint at issue specifies an amount in controversy lower than the jurisdictional minimum, not where the complaint fails

---

[16] See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 690 (9th Cir. 2006) (quoting Singer v. State Farm Mutual Ins. Co., 116 F.3d 373, 374, 377 (9th Cir. 1997)).

to specify what the amount in controversy is.[17]

For these reasons, we should remand this case to the district court for it to make the necessary determination under a preponderance of the evidence standard.

---

[17] See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682-83 & n.8 (9th Cir. 2006).